Opinion filed October 23, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 23,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00098-CR

                                                    __________

 

                         CHARLES WILLIAM ROBERTSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. A-33,465

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Charles William Robertson of the third degree[1]
felony offense of failure to comply with the sex offender registration
requirements, found the enhancement allegations to be true, and assessed
punishment at confinement for life.  We modify and affirm. 








                                                                       I. 
Issues

Appellant
presents five issues for review.  In the first and second issues, he challenges
the legal and factual sufficiency of the evidence.  In the third issue, he
contends that the jury charge on the lesser included offense was fundamentally
defective in that it did not contain all of the elements of the offense.  In
the fourth issue, appellant argues that the trial court erred in admitting
State=s Exhibit No. 1,
a copy of a fax regarding appellant=s
prior registration as a sex offender.  Appellant contends in his final issue
that the evidence is insufficient to prove the enhancement allegations.

                                                      II. 
Sufficiency of the Evidence

A. 
Standards of Review.

In
addressing appellant=s
first and second issues, we will apply the following well-recognized standards
of review.  To determine if the evidence is legally sufficient, we must review
all of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  We must consider the sufficiency of the evidence measured by the
elements of the offense as defined by the hypothetically correct jury charge
for this case.  Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim. App.
1997); see also Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App.
2001).  The hypothetically correct jury charge for a case is Aone that accurately sets
out the law, is authorized by the indictment, does not unnecessarily increase
the State=s burden of
proof or unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.@ 
Malik, 953 S.W.2d at 240.  We must give due deference to the jury=s determinations of fact,
particularly those determinations concerning the weight and credibility of the
evidence.  Johnson v. State, 23 S.W.3d 1, 8-9 (Tex. Crim. App. 2000).  








B. 
Legal Sufficiency.

In
the first issue, appellant asserts that the evidence is legally insufficient to
prove that he failed to report in person as charged and that he failed to
register with the local law enforcement authority as required by statute.  

1.  Report v. Register.

Appellant
summarizes this portion of his sufficiency argument as follows: AAppellant was charged with
a failure to comply with a reporting requirement and the State=s proof went solely toward
proving Appellant failed to comply with a registration requirement, a totally
separate violation.@ 
We do not discern such a distinction.  

A
sex offender is required to register pursuant to the provisions of Tex. Code Crim. Proc. Ann. ch. 62
(Vernon 2006 & Supp. 2008).  A person with a reportable conviction shall
timely register or verify his registration with the local law enforcement
authority where the person resides or intends to reside for more than seven
days.  Article 62.051.  Article 62.055(a) provides:

If
a person required to register changes address, the person shall, not later than
the later of the seventh day after changing the address . . . report in person
to the local law enforcement authority in the municipality or county in which
the person=s new
residence is located and provide the authority with proof of identity and proof
of residence.

 A person
subject to Chapter 62 Ashall
report to the local law enforcement authority@
to verify his registration information.  Article 62.058(a).  A person with two
or more prior convictions for a sexually violent offense must report once every
ninety days; others must report annually.  Id.  








If
a person is required to register but fails to comply with any one of the
registration requirements of Chapter 62, the person commits an offense pursuant
to Article 62.102.  With a few exceptions not applicable to this case,[2]
the offense of failing to comply with a registration requirement is a third
degree felony if the person is required to verify his registration annually and
a second degree felony if the person is required to verify his registration
every ninety days.  Article 62.102(b)(2), (3).  There is no separate
violation or offense involving the failure to Areport@; all violations of Chapter
62 are covered by Article 62.102, which is entitled AFailure to Comply With Registration
Requirements.@ 

The
record shows that appellant moved to Odessa in October 2005 but that, as of the
date of his arrest, he had not reported to the Odessa Police Department to
register, to show proof relating to his change of address, or to verify any
prior registration as a sex offender.  Detective Kelly Cecil informed appellant
on June 8, 2006, that he was required to come in and register based upon a
Louisiana conviction, which was a 1990 conviction for the offense of Aforcible rape.@  Appellant said he would
come in the next day, but he did not show.  Appellant was arrested on June 12,
2006, for failing to comply with the registration requirements.  The evidence
shows that appellant had registered in 2001 in Burleson County, Texas, as a sex
offender based upon his prior Louisiana conviction.

The
jury was instructed to find appellant guilty of the third degree felony offense
of AFailure to Comply
With Sex Offender Registration Requirements@
if it found beyond a reasonable doubt that he:

[D]id
then and there intentionally or knowingly fail to report in person to the local
law enforcement authority with whom he must register, to-wit: the Odessa Police
Department and with whom said Defendant is registered under the Sex Offender
Registration Program, and the said Defendant is required to register annually
to verify the information in the registration form maintained by said law
enforcement authority, and the said Defendant had received a reportable
conviction or adjudication, to-wit: Forcible Rape on February 13, 1990, in . .
. Louisiana.

Appellant
correctly points out that both the indictment and the jury charge included
language indicating that appellant Ais
registered@ with the
Odessa Police Department B
though the evidence showed that appellant had never registered in Odessa. 
While we agree that both the indictment and jury charge (which had other
inaccuracies as well) were inartfully written, we cannot hold that the
evidence, when measured by the elements of the offense as defined by the
hypothetically correct jury charge for this case, is legally insufficient to
support appellant=s
conviction for failing to comply with the registration requirements for sex
offenders.  As charged and proved, appellant had a reportable conviction;
appellant was required to register as a sex offender and to verify his
registration annually; appellant was required to report in person in Odessa
(after he moved to Odessa); and appellant failed to report as required.








2.  Local Law Enforcement Authority.

Appellant
next argues that the evidence is legally insufficient because there was no
evidence that he failed to register with or report to the appropriate Alocal law enforcement
authority, to wit: the Chief of Police of the City of Odessa.@  Pursuant to the
definition provided for in Article 62.001(2), local law enforcement
authority Ameans the
chief of police of a municipality or the sheriff of a county in this state.@  

In
this case, both the indictment and the application paragraph of the jury charge
referred to the local law enforcement authority as the AOdessa Police Department.@  The evidence at trial
showed that Mary Burditt was the records clerk and the sex offender registrar
for the Odessa Police Department.  Burditt testified at trial that appellant
was supposed to be registered as a sex offender in Odessa but that he had never
registered in Odessa.  Burditt=s
testimony constitutes some evidence that appellant failed to report to or
register with the local law enforcement authority regardless of whether that
authority be the Odessa Police Department or its chief. 

We
hold that the jury could have found the essential elements of the crime beyond
a reasonable doubt and that, therefore, the evidence is legally sufficient to
support appellant=s
conviction.  Appellant=s
first issue is, therefore, overruled.  

C. 
Factual Sufficiency. 

In
his second issue, appellant contends that the evidence is factually
insufficient to link him to the Louisiana conviction, to prove that there was a
final conviction in Louisiana, to show that the Louisiana conviction is a Areportable conviction,@ and to show that appellant
failed to report to the appropriate local law enforcement authority.

1.  Prior Conviction.








Under
this issue, appellant argues that the prior conviction was not sufficiently
linked to him.  The trial court admitted into evidence over objection State=s Exhibit No. 2, containing
authenticated documents from the Louisiana Department of Public Safety and
Corrections.  These documents reflect that Charles William Robertson was
convicted of forcible rape in Louisiana on February 13, 1990.  A fingerprint
expert compared the fingerprints contained in Exhibit No. 2 with the
fingerprints of appellant taken when he was arrested in this case and the
fingerprints from a fingerprint database in Austin.  The fingerprints matched. 
Consequently, the prior Louisiana conviction for forcible rape was sufficiently
linked to appellant by fingerprint analysis and showed that appellant had been
convicted of forcible rape in Louisiana.  Furthermore, even though Exhibit No.
2 may not have contained a document purporting to be the actual Ajudgment@ of conviction, the exhibit
contained sufficient evidence to prove that appellant had a prior conviction for
forcible rape.  See Flowers v. State, 220 S.W.3d 919 (Tex. Crim. App.
2007).  

The
next question, then, is whether that conviction constitutes a reportable
conviction for purposes of sex offender registration.  Article 62.001(5)
defines the term Areportable
conviction@ and lists
several Texas offenses that are reportable offenses.  Although a conviction for
Aforcible rape@ in Louisiana is not
specifically listed as a reportable conviction under Article 62.001(5),
Article 62.001(5)(H) provides that a conviction under the laws of another
state is a reportable conviction if the elements of the offense Aare substantially similar@ to the elements of certain
Texas offenses, including sexual assault and aggravated sexual assault.  The
sex offender registration agent at the Texas Department of Public Safety
verified that a conviction for forcible rape in Louisiana is a reportable
conviction under Texas law,[3] and the
offense was referred to in appellant=s
previous Texas registration records as an aggravated sexual assault.  Furthermore,
the trial court took judicial notice of the Louisiana statute under which
appellant was convicted.  The evidence regarding the Louisiana conviction being
a reportable conviction is not so weak that the verdict is clearly wrong and
manifestly unjust, nor is such a finding against the great weight and
preponderance of the conflicting evidence. 

2.  Local Law Enforcement Authority. 








Appellant
next contends that the evidence is factually insufficient to show that
appellant failed to report to or register with the appropriate local law
enforcement authority:  that being the chief of police.  This contention is the
same as the challenge to the legal sufficiency of the evidence.  Likewise, we
hold that the testimony from Burditt, the records clerk and sex offender
registrar for the Odessa Police Department, that appellant was supposed to be
registered as a sex offender in Odessa but that he had never registered in Odessa
constitutes factually sufficient evidence that appellant failed to report to or
register with the appropriate local law enforcement authority.  The evidence is
not so weak that the verdict is clearly wrong and manifestly unjust, nor is
such a finding against the great weight and preponderance of the conflicting
evidence.  Appellant=s
second issue is overruled.  

                                                                 III. 
Jury Charge

In
his third issue, appellant argues that the jury charge is fundamentally
defective because it authorized a conviction on the lesser included offense
without proof of all of the essential elements of the offense.  Appellant
contends that the charge authorized a conviction for merely failing to report
in person, which, he argues, Ais
not an offense at all.@ 
Because appellant did not object to the jury charge on this basis, we must
review the entire jury charge, the evidence, the arguments of counsel, and any
other relevant information and determine whether
the error was so egregious that appellant was denied a fair and impartial
trial.  Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 2006); Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985).  

While
the jury charge is not free from error, it is not fundamentally defective and
does not authorize a conviction without proof of all of the essential elements
of the offense.  Again, if a person who is required to register fails to comply
with any one of the registration requirements of Chapter 62, the person commits
an offense.  Article 62.055(a) requires a sex offender who changes addresses to
Areport in person@ and provide proof of his identity
and new address.  Under Article 62.058(a), a sex offender Ashall report@ in order to verify
information.  In order to convict appellant as charged, the jury had to find
that appellant had a reportable conviction, that he was required to register as
a sex offender and to verify his registration annually, that he was required to
report in person in Odessa, and that he failed to report as required.  The jury
was also instructed that a person who is required to register must register or
verify registration in any municipality or county where the person resides or
intends to reside for more than seven days.

 
In light of the entire jury charge, the evidence, and the arguments of counsel,
we hold that any error in the jury charge was
not so egregious as to deny appellant a fair and impartial trial. 
Appellant=s third
issue is overruled.  

                                                          IV. 
Admission of Exhibit 








In
his fourth issue, appellant contends that the trial court erred in admitting
State=s Exhibit No. 1
into evidence.  That exhibit consisted of appellant=s previous registration form and verification
updates from Burleson County.  We must review a trial court=s decision to admit
evidence over objection under an abuse-of-discretion standard, and we will not
reverse the trial court=s
decision absent a clear abuse of discretion.  Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003).  A trial court abuses its discretion
when its decision lies outside the zone of reasonable disagreement.  Id. 


In
this case, the exhibit was introduced through Burditt upon her testimony that
she received the documents via fax from the Burleson County Sheriff=s Office.  Appellant
objected that the documents were hearsay because Burditt was the records custodian
in Odessa, not Burleson County.  The documents were not authenticated by anyone
from Burleson County.  The State, citing inapplicable cases regarding the
collective knowledge of officers on the issue of probable cause, argues that
the documents became part of Odessa=s
file when Burditt received them from Burleson County.  At trial, the State
argued that the documents became the business records of Odessa when received. 
Although the documents may have become part of Odessa=s file, the documents were not shown to fall
into the business records exception to the hearsay rule because the State
failed to lay the proper predicate under Tex.
R. Evid. 803(6).  Nothing in the record shows that the documents were
made at or near the time by a person with knowledge or that the documents set
forth the activities of the office.  See Rule 803(6).  

Though
State=s Exhibit No. 1
may not have been properly admitted into evidence, its admission does not
constitute reversible error.  Pursuant to Tex.
R. App. P. 44.2(b), a nonconsti-tutional error must be disregarded
unless it affects a defendant=s
substantial rights.  AA
substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury=s
verdict.@  King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  In this case, there was
other evidence indicating that appellant had been registered as a sex offender
in Burleson County and that appellant had a prior reportable offense.  In light
of this other evidence, we cannot find that State=s
Exhibit No. 1 had a substantial or injurious influence on the jury=s decision.  See id. 
The fourth issue is overruled.  

                                                V. 
Sufficiency of Enhancement Proof








In
his final issue, appellant contends that, Aassuming
this Court agrees that the evidence is factually insufficient regarding State=s Exhibit 2,@ the evidence is also
factually insufficient to link him to the two prior convictions used for
enhancement purposes.  Appellant=s
contention in this issue is dependent upon our determination regarding State=s Exhibit No. 2.  As we
held above, State=s
Exhibit No. 2 was sufficiently linked to appellant by fingerprint analysis. 
The record shows that the enhancement convictions were linked to appellant by a
handwriting expert who compared appellant=s
signature on State=s
Exhibit No. 2 to his signatures on the two convictions used for enhancement.
According to the expert, all three were signed by the same person. 
Consequently, the evidence is sufficient to link appellant to those convictions
and to support the jury=s
finding of true to the enhancement allegations.  Appellant=s fifth issue is
overruled.  

                                                                    VI. 
Holding 

The
judgment of the trial court is modified to show that appellant was convicted of
a third degree felony offense and, as modified, affirmed. 

 

 

RICK STRANGE

JUSTICE

 

October 23, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that the judgment reflects that the offense is
a A1ST DEGREE FELONY.@ 
However, the verdict form signed by the presiding juror shows that appellant
was convicted of AFailure to Comply With Sex Offender Registration
Requirements, a Third Degree Felony, a lesser included offense.@  Therefore, we modify the judgment to correct the
mistake and to reflect that the ADegree of
Offense@ is a A3RD DEGREE
FELONY.@





[2]See Articles
62.102(b)(1) (state jail felony), 62.101(b) (juvenile at time of commission),
62.101(c) (commission of other offenses, such as delinquent conduct), and
62.407 (early termination granted by trial court). 





[3]Article 62.003(a) provides that the Department of
Public Safety is responsible for determining whether an out-of-state conviction
contains elements that are substantially similar to the elements of an offense
under the laws of Texas.