**Opinion filed October 23, 2008**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00098-CR

_____

## CHARLES WILLIAM ROBERTSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-33,465**

## M E M O R A N D U M   O P I N I O N

The jury convicted Charles William Robertson of the third degree[1] felony offense of failure to comply with the sex offender registration requirements, found the enhancement allegations to be true, and assessed punishment at confinement for life. We modify and affirm.

_____

[1]We note that the judgment reflects that the offense is a "1ST DEGREE FELONY." However, the verdict form signed by the presiding juror shows that appellant was convicted of "Failure to Comply With Sex Offender Registration Requirements, a Third Degree Felony, a lesser included offense." Therefore, we modify the judgment to correct the mistake and to reflect that the "Degree of Offense" is a "3RD DEGREE FELONY."

## I. *Issues*

Appellant presents five issues for review. In the first and second issues, he challenges the legal and factual sufficiency of the evidence. In the third issue, he contends that the jury charge on the lesser included offense was fundamentally defective in that it did not contain all of the elements of the offense. In the fourth issue, appellant argues that the trial court erred in admitting State's Exhibit No. 1, a copy of a fax regarding appellant's prior registration as a sex offender. Appellant contends in his final issue that the evidence is insufficient to prove the enhancement allegations.

## II. *Sufficiency of the Evidence*

### A. *Standards of Review.*

In addressing appellant's first and second issues, we will apply the following well-recognized standards of review. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We must consider the sufficiency of the evidence measured by the elements of the offense as defined by the hypothetically correct jury charge for this case. *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997); *see also Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). The hypothetically correct jury charge for a case is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. We must give due deference to the jury's determinations of fact, particularly those determinations concerning the weight and credibility of the evidence. *Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex. Crim. App. 2000).

*B. Legal Sufficiency.*

In the first issue, appellant asserts that the evidence is legally insufficient to prove that he failed to report in person as charged and that he failed to register with the local law enforcement authority as required by statute.

*1. Report v. Register.*

Appellant summarizes this portion of his sufficiency argument as follows: "Appellant was charged with a failure to comply with a reporting requirement and the State's proof went solely toward proving Appellant failed to comply with a registration requirement, a totally separate violation." We do not discern such a distinction.

A sex offender is required to register pursuant to the provisions of TEX. CODE CRIM. PROC. ANN. ch. 62 (Vernon 2006 & Supp. 2008). A person with a reportable conviction shall timely register or verify his registration with the local law enforcement authority where the person resides or intends to reside for more than seven days. Article 62.051. Article 62.055(a) provides:

> If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address . . . report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

A person subject to Chapter 62 "shall report to the local law enforcement authority" to verify his registration information. Article 62.058(a). A person with two or more prior convictions for a sexually violent offense must report once every ninety days; others must report annually. *Id.*

If a person is required to register but fails to comply with any one of the registration requirements of Chapter 62, the person commits an offense pursuant to Article 62.102. With a few exceptions not applicable to this case,[2] the offense of failing to comply with a registration requirement is a third degree felony if the person is required to verify his registration annually and a second degree felony if the person is required to verify his registration every ninety days. Article 62.102(b)(2), (3). There is no separate violation or offense involving the failure to "report";

---

[2]*See* Articles 62.102(b)(1) (state jail felony), 62.101(b) (juvenile at time of commission), 62.101(c) (commission of other offenses, such as delinquent conduct), and 62.407 (early termination granted by trial court).

all violations of Chapter 62 are covered by Article 62.102, which is entitled "Failure to Comply With Registration Requirements."

The record shows that appellant moved to Odessa in October 2005 but that, as of the date of his arrest, he had not reported to the Odessa Police Department to register, to show proof relating to his change of address, or to verify any prior registration as a sex offender. Detective Kelly Cecil informed appellant on June 8, 2006, that he was required to come in and register based upon a Louisiana conviction, which was a 1990 conviction for the offense of "forcible rape." Appellant said he would come in the next day, but he did not show. Appellant was arrested on June 12, 2006, for failing to comply with the registration requirements. The evidence shows that appellant had registered in 2001 in Burleson County, Texas, as a sex offender based upon his prior Louisiana conviction.

The jury was instructed to find appellant guilty of the third degree felony offense of "Failure to Comply With Sex Offender Registration Requirements" if it found beyond a reasonable doubt that he:

> [D]id then and there intentionally or knowingly fail to report in person to the local law enforcement authority with whom he must register, to-wit: the Odessa Police Department and with whom said Defendant is registered under the Sex Offender Registration Program, and the said Defendant is required to register annually to verify the information in the registration form maintained by said law enforcement authority, and the said Defendant had received a reportable conviction or adjudication, to-wit: Forcible Rape on February 13, 1990, in . . . Louisiana.

Appellant correctly points out that both the indictment and the jury charge included language indicating that appellant "is registered" with the Odessa Police Department – though the evidence showed that appellant had never registered in Odessa. While we agree that both the indictment and jury charge (which had other inaccuracies as well) were inartfully written, we cannot hold that the evidence, when measured by the elements of the offense as defined by the hypothetically correct jury charge for this case, is legally insufficient to support appellant's conviction for failing to comply with the registration requirements for sex offenders. As charged and proved, appellant had a reportable conviction; appellant was required to register as a sex offender and to verify his registration annually; appellant was required to report in person in Odessa (after he moved to Odessa); and appellant failed to report as required.

4

*2. Local Law Enforcement Authority.*

Appellant next argues that the evidence is legally insufficient because there was no evidence that he failed to register with or report to the appropriate "local law enforcement authority, to wit: the Chief of Police of the City of Odessa." Pursuant to the definition provided for in Article 62.001(2), local law enforcement authority "means the chief of police of a municipality or the sheriff of a county in this state."

In this case, both the indictment and the application paragraph of the jury charge referred to the local law enforcement authority as the "Odessa Police Department." The evidence at trial showed that Mary Burditt was the records clerk and the sex offender registrar for the Odessa Police Department. Burditt testified at trial that appellant was supposed to be registered as a sex offender in Odessa but that he had never registered in Odessa. Burditt's testimony constitutes some evidence that appellant failed to report to or register with the local law enforcement authority regardless of whether that authority be the Odessa Police Department or its chief.

We hold that the jury could have found the essential elements of the crime beyond a reasonable doubt and that, therefore, the evidence is legally sufficient to support appellant's conviction. Appellant's first issue is, therefore, overruled.

*C. Factual Sufficiency.*

In his second issue, appellant contends that the evidence is factually insufficient to link him to the Louisiana conviction, to prove that there was a final conviction in Louisiana, to show that the Louisiana conviction is a "reportable conviction," and to show that appellant failed to report to the appropriate local law enforcement authority.

*1. Prior Conviction.*

Under this issue, appellant argues that the prior conviction was not sufficiently linked to him. The trial court admitted into evidence over objection State's Exhibit No. 2, containing authenticated documents from the Louisiana Department of Public Safety and Corrections. These documents reflect that Charles William Robertson was convicted of forcible rape in Louisiana on February 13, 1990. A fingerprint expert compared the fingerprints contained in Exhibit No. 2 with the fingerprints of appellant taken when he was arrested in this case and the fingerprints from a fingerprint database in Austin. The fingerprints matched. Consequently, the prior Louisiana conviction for forcible rape

was sufficiently linked to appellant by fingerprint analysis and showed that appellant had been convicted of forcible rape in Louisiana. Furthermore, even though Exhibit No. 2 may not have contained a document purporting to be the actual "judgment" of conviction, the exhibit contained sufficient evidence to prove that appellant had a prior conviction for forcible rape. *See Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007).

The next question, then, is whether that conviction constitutes a reportable conviction for purposes of sex offender registration. Article 62.001(5) defines the term "reportable conviction" and lists several Texas offenses that are reportable offenses. Although a conviction for "forcible rape" in Louisiana is not specifically listed as a reportable conviction under Article 62.001(5), Article 62.001(5)(H) provides that a conviction under the laws of another state is a reportable conviction if the elements of the offense "are substantially similar" to the elements of certain Texas offenses, including sexual assault and aggravated sexual assault. The sex offender registration agent at the Texas Department of Public Safety verified that a conviction for forcible rape in Louisiana is a reportable conviction under Texas law,[3] and the offense was referred to in appellant's previous Texas registration records as an aggravated sexual assault. Furthermore, the trial court took judicial notice of the Louisiana statute under which appellant was convicted. The evidence regarding the Louisiana conviction being a reportable conviction is not so weak that the verdict is clearly wrong and manifestly unjust, nor is such a finding against the great weight and preponderance of the conflicting evidence.

### 2. Local Law Enforcement Authority.

Appellant next contends that the evidence is factually insufficient to show that appellant failed to report to or register with the appropriate local law enforcement authority: that being the chief of police. This contention is the same as the challenge to the legal sufficiency of the evidence. Likewise, we hold that the testimony from Burditt, the records clerk and sex offender registrar for the Odessa Police Department, that appellant was supposed to be registered as a sex offender in Odessa but that he had never registered in Odessa constitutes factually sufficient evidence that appellant failed to report to or register with the appropriate local law enforcement authority. The

---

[3]Article 62.003(a) provides that the Department of Public Safety is responsible for determining whether an out-of-state conviction contains elements that are substantially similar to the elements of an offense under the laws of Texas.

evidence is not so weak that the verdict is clearly wrong and manifestly unjust, nor is such a finding against the great weight and preponderance of the conflicting evidence. Appellant's second issue is overruled.

### III. *Jury Charge*

In his third issue, appellant argues that the jury charge is fundamentally defective because it authorized a conviction on the lesser included offense without proof of all of the essential elements of the offense. Appellant contends that the charge authorized a conviction for merely failing to report in person, which, he argues, "is not an offense at all." Because appellant did not object to the jury charge on this basis, we must review the entire jury charge, the evidence, the arguments of counsel, and any other relevant information and determine whether the error was so egregious that appellant was denied a fair and impartial trial. TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

While the jury charge is not free from error, it is not fundamentally defective and does not authorize a conviction without proof of all of the essential elements of the offense. Again, if a person who is required to register fails to comply with any one of the registration requirements of Chapter 62, the person commits an offense. Article 62.055(a) requires a sex offender who changes addresses to "report in person" and provide proof of his identity and new address. Under Article 62.058(a), a sex offender "shall report" in order to verify information. In order to convict appellant as charged, the jury had to find that appellant had a reportable conviction, that he was required to register as a sex offender and to verify his registration annually, that he was required to report in person in Odessa, and that he failed to report as required. The jury was also instructed that a person who is required to register must register or verify registration in any municipality or county where the person resides or intends to reside for more than seven days.

In light of the entire jury charge, the evidence, and the arguments of counsel, we hold that any error in the jury charge was not so egregious as to deny appellant a fair and impartial trial. Appellant's third issue is overruled.

### IV. *Admission of Exhibit*

In his fourth issue, appellant contends that the trial court erred in admitting State's Exhibit No. 1 into evidence. That exhibit consisted of appellant's previous registration form and verification

updates from Burleson County. We must review a trial court's decision to admit evidence over objection under an abuse-of-discretion standard, and we will not reverse the trial court's decision absent a clear abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id.*

In this case, the exhibit was introduced through Burditt upon her testimony that she received the documents via fax from the Burleson County Sheriff's Office. Appellant objected that the documents were hearsay because Burditt was the records custodian in Odessa, not Burleson County. The documents were not authenticated by anyone from Burleson County. The State, citing inapplicable cases regarding the collective knowledge of officers on the issue of probable cause, argues that the documents became part of Odessa's file when Burditt received them from Burleson County. At trial, the State argued that the documents became the business records of Odessa when received. Although the documents may have become part of Odessa's file, the documents were not shown to fall into the business records exception to the hearsay rule because the State failed to lay the proper predicate under TEX. R. EVID. 803(6). Nothing in the record shows that the documents were made at or near the time by a person with knowledge or that the documents set forth the activities of the office. *See* Rule 803(6).

Though State's Exhibit No. 1 may not have been properly admitted into evidence, its admission does not constitute reversible error. Pursuant to TEX. R. APP. P. 44.2(b), a nonconstitutional error must be disregarded unless it affects a defendant's substantial rights. "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). In this case, there was other evidence indicating that appellant had been registered as a sex offender in Burleson County and that appellant had a prior reportable offense. In light of this other evidence, we cannot find that State's Exhibit No. 1 had a substantial or injurious influence on the jury's decision. *See id.* The fourth issue is overruled.

## V. *Sufficiency of Enhancement Proof*

In his final issue, appellant contends that, "assuming this Court agrees that the evidence is factually insufficient regarding State's Exhibit 2," the evidence is also factually insufficient to link

him to the two prior convictions used for enhancement purposes. Appellant's contention in this issue is dependent upon our determination regarding State's Exhibit No. 2. As we held above, State's Exhibit No. 2 was sufficiently linked to appellant by fingerprint analysis. The record shows that the enhancement convictions were linked to appellant by a handwriting expert who compared appellant's signature on State's Exhibit No. 2 to his signatures on the two convictions used for enhancement. According to the expert, all three were signed by the same person. Consequently, the evidence is sufficient to link appellant to those convictions and to support the jury's finding of true to the enhancement allegations. Appellant's fifth issue is overruled.

## VI. *Holding*

The judgment of the trial court is modified to show that appellant was convicted of a third degree felony offense and, as modified, affirmed.


RICK STRANGE

JUSTICE


October 23, 2008

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

9