In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-373 CR


 ______________________



JIMMY DON BRIGGS, Appellant 



V.



THE STATE OF TEXAS, Appellee


 




On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court No. 06-11-11198 CR






MEMORANDUM OPINION


 A jury convicted Jimmy Don Briggs of the felony offense of driving while intoxicated,
enhanced as a habitual offender, and assessed punishment at thirty years of confinement. See
Tex. Pen. Code Ann. §§ 49.04, 49.09(b) (Vernon 2003 & Supp. 2008); see also Tex. Pen.
Code Ann. § 12.42(d) (Vernon Supp. 2008). (1) In this appeal, appellant challenges the factual
sufficiency of the evidence supporting the conviction, asserts jury charge error, contends the
trial court abused its discretion during the jury's deliberations, and questions the legal
sufficiency of the evidence presented during the punishment phase of the trial. We affirm
the conviction, reverse the judgment as to punishment only, and remand the cause to the trial
court for assessment of punishment.

 In his first issue, appellant challenges the factual sufficiency of the evidence
supporting his conviction. When reviewing the factual sufficiency of the evidence, we view
all the evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006). We will set aside the verdict only if the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong
and manifestly unjust or the verdict is against the great weight and preponderance of the
evidence. Id. at 414-15, 417.

 Trooper Winson Pham testified he stopped appellant's pickup truck in Montgomery
County for speeding and failing to maintain a single lane of traffic. Appellant pulled over
safely and was asked to step out of the vehicle. Appellant did not seem to have any difficulty
exiting the vehicle or producing a driver's license or registration. Trooper Pham noticed a
strong odor of alcohol coming from appellant's breath, his eyes were red and bloodshot, and
his speech was slurred. Appellant denied having anything to drink and explained that his
breath smelled like alcohol because he had taken Benadryl. Trooper Pham did not believe
the smell on appellant's breath was that of medication, and when he looked inside the
vehicle, he found an open beer can. Appellant claimed the beer can belonged to his son. 

 Trooper Pham performed the horizontal gaze nystagmus test on appellant and
observed six clues of intoxication. He testified that six clues from the HGN test demonstrate
an 88% chance that a person is intoxicated, but on cross examination he acknowledged that
according to research from 2006, six clues on the HGN test indicate a 77% probability of
intoxication.

 Appellant was asked to perform the walk-and-turn and one-leg stand field sobriety
tests. Appellant refused, explaining he suffered from an injured ankle. He was asked to
recite certain letters of the alphabet and do a finger count test, both of which appellant could
not complete successfully. Appellant was able to successfully perform a hand clap field
sobriety test. 

 Trooper Pham determined appellant was intoxicated, arrested him, and read him his
Miranda warnings. Appellant refused to answer questions, and stated that he could not
maintain a single lane of traffic because of new tires on his vehicle. In the patrol car,
appellant was read a form and requested to submit to a breath test; he refused to take the test,
and refused to sign the form stating that he was refusing the test. On the way to the jail,
appellant yelled and cursed. The jury viewed the videotape of the traffic stop. 

 Appellant's wife testified appellant has eczema "real bad" on his feet and ankles and
that the condition affects his ability to walk. He told her that he had dropped out of school
but she thought he knew the alphabet. She stated that on the day of the arrest, he left for
work and did not appear to be under the influence of alcohol or drugs. She commented that
he had a cold, the eczema on his feet was "really bad," and he "had just started his medicine."

 Appellant's father stated that on the day of the arrest, appellant had been working with
him wiring swimming pools until approximately seven o'clock p.m. Appellant left with a
co-worker. According to his father, appellant has a fungus on his feet for which he takes
medicine, and his feet were bothering him that day after doing some digging. Appellant's
father stated appellant talks quietly and slowly.

 Viewing all the evidence in a neutral light, there is sufficient evidence from which a
factfinder could rationally conclude beyond a reasonable doubt that appellant was guilty. 
The jury viewed the videotape of the stop and heard Trooper Pham's account of the traffic
stop, as well as the testimony of appellant's wife and father. The jury's verdict is supported
by sufficient evidence. See Watson, 204 S.W.3d at 414-15. Issue one is overruled.

 Appellant argues in his second issue that the trial court erred in refusing to strike the
alias name "Jimmy Don Griggs" from the court's charge during both phases of the trial even
though no evidence that indicated appellant ever used an alias was presented during the trial.
Appellant contends that the use of the alias in the charge during both phases of the trial, over
his objection, "was done to clearly injure" his rights. 

 The case style on the indictment reads, "THE STATE OF TEXAS v. Jimmy Don
Briggs AKA: Jimmy Don Griggs." One of the prior offenses alleged in Enhancement
Paragraph A stated that the conviction was for "Jimmy Don Griggs." The record does not
establish appellant timely objected to the use of the alias in the indictment. See Tex. Code
of Crim. Proc. Ann. art. 26.07, 26.08 (Vernon 1989); see also Tex. R. App. P. 33.1(a). 
Apparently, the first time appellant objected to the inclusion of the alias was during the jury
charge conference. The jury charge itself was not erroneous because the charge properly
tracked the name alleged in the indictment, and the indictment authorized the inclusion of
the alias. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Issue two is
overruled.

 Appellant maintains the trial court abused its discretion and violated article 36.28 of
the Texas Code of Criminal Procedure by refusing to have testimony read to the jury during
deliberations after the jury made a legitimate request for the testimony. Article 36.28
provides that "[i]n the trial of a criminal case in a court of record, if the jury disagree as to
the statement of any witness they may, upon applying to the court, have read to them from
the court reporter's notes that part of such witness testimony or the particular point in
dispute, and no other . . . ." Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 2006). The
statute attempts to balance the concern that the trial court not comment on the evidence with
the need to give the jury the means to resolve any factual disputes. Howell v. State, 175
S.W.3d 786, 790 (Tex. Crim. App. 2005) (citing Robison v. State, 888 S.W.2d 473, 480 (Tex.
Crim. App. 1994)).

 "A simple request for testimony does not, by itself, reflect disagreement, implicit or
express, and is not a proper request under Art. 36.28. Instead, the request must reflect that
the jurors disagree about a specified part of testimony." Howell, 175 S.W.3d at 790 (citations
omitted). While a simple request for testimony is insufficient to reflect a dispute, a trial court
may, in its discretion, infer a dispute in certain cases. Id. at 792. We review a trial judge's
determination of whether there is a factual dispute among the jurors for an abuse of
discretion. Id. (citing Brown v. State, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994)). 

 The jury first submitted to the court a written question that asked, "Did the officer say
Briggs crossed over [the] line? Can we get a copy of [the] transcript?" The judge provided
a type-written response that stated the following:

 LADIES AND GENTLEMEN:

 The law provides if there is a dispute as to the testimony of any witness,
then the jury is entitled to hear from the record that portion of the record in
dispute and no other. Therefore, if you have a dispute, please specify that
portion in dispute. 


The jury then asked by written note for "Trooper Pham's portion of the testimony stating the
reasons for the traffic stop. In particular the following: Did officer (sic) say Mr. Briggs was
swerving? Did the officer use the word 'swerve'?" The judge provided the jury with the
identical response as the prior response, but with the words "dispute, please specify that
portion in dispute" underlined. The jury then wrote to the judge stating, "The Jury is
deadlocked[.]" The judge responded in writing, "You are requested to continue deliberations
in an effort to arrive at a verdict that is acceptable to all members of the jury." The jury
reached a guilty verdict.

 The record reflects that the trooper testified appellant could not "maintain a single
lane" and was speeding. Defense counsel did not object at trial to the court's written
responses to the jury's request; in fact, appellant's counsel stated he had no objection. See
Tex. R. App. 33.1. However, appellant's counsel did say he thought the jury's questions
indicated a dispute, and that the judge should "send that back to them so they can continue
their deliberations as it might help them reach a verdict." 

 Even if appellant properly preserved the complaint, the trial court did not abuse its
discretion. The trial judge made an effort to determine whether there was a dispute about the
requested testimony. See Howell, 175 S.W.3d at 791. The jury requested portions of
Trooper Pham's testimony, but the record does not reflect that the jury specifically indicated
there was a dispute. The trial judge cautiously observed the competing concerns of article
36.28, and the judge's decision was not outside the zone within which reasonable persons
might disagree. See id. at 790. Issue three is overruled.

 Appellant challenges the legal sufficiency of the evidence supporting his punishment. 
"To establish that a defendant has been convicted of a prior offense, the State must prove
beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked
to that conviction." Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)(citation
omitted). Appellant contends the State could not prove the 2004 offense listed in
enhancement paragraph "A" solely by means of a certified copy of a DPS driving record. 

 In Flowers v. State, the Court of Criminal Appeals held that a defendant's certified
DPS driving record alone was insufficient to establish the existence of a prior conviction. 
Id. at 923-24. The State concedes that the only evidence or documentation of the 2004
offense was the certified DPS driving record, and that under Flowers, the evidence was 
insufficient to prove enhancement paragraph "A." Issue four is sustained.

 We affirm the judgment as to guilt, reverse the judgment as to punishment only, and
remand the cause to the trial court for assessment of punishment.

 AFFIRMED IN PART; REVERSED AND REMANDED AS TO PUNISHMENT
ONLY. 


 _________________________________

 DAVID GAULTNEY

 Justice 

 
Submitted on September 5, 2008

Opinion Delivered October 29, 2008 

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.

 

 
1. As sections 12.42(d) and 49.09(b) have not materially changed since the date of the
offense, we cite to the current versions of the statutes. See Act of May 23, 1997, 75th Leg., 
R.S., ch. 665, § 2, 1997 Tex. Gen. Laws 2247, 2248, amended by Act of May 15, 2007, 80th
Leg., R.S., ch. 340, § 4, 2007 Tex. Gen. Laws 627, 628, and Act of May 17, 2007, 80th Leg.,
R.S., ch. 593, § 1.16, 2007 Tex. Gen. Laws 1120, 1126 (current version at Tex. Pen. Code
Ann. § 12.42(d) (Vernon Supp. 2008)); see also Act of May 21, 2001, 77th Leg., R.S., ch.
648, § 1, 2001 Tex. Gen. Laws 1213, 1213-14, amended by Act of May 23, 2007, 80th Leg.,
R.S. ch. 662, § 4, 2007 Tex. Gen. Laws 1237, 1237-38 (current version at Tex. Pen. Code
Ann. § 49.09(b) (Vernon Supp. 2008)).