*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00336-CR

Alfredo Murillo **CHAVEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 112th Judicial District Court, Sutton County, Texas
Trial Court No. 1950
Honorable Royal Hart, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 10, 2008

AFFIRMED

Alfredo Murillo Chavez was convicted by a jury of burglary of a habitation.  Chavez contends that the evidence is legally and factually insufficient to support his conviction and legally insufficient to support the jury's finding of true to the offense used to enhance Chavez's sentence. We affirm the trial court's judgment.

**BACKGROUND**

Margarita Solis, a housekeeper for Mary Balch, arrived at Balch's home and discovered a broken window. Solis saw an axe on the bed of the room that had the broken window. Solis called Balch, who called her daughter and the police. While waiting for the police to arrive, Solis saw a green car with two occupants drive slowly past the house, turn, and drive past the house a second time. On cross-examination, Solis denied telling the police in her statement that she recognized the car as belonging to Trina Galvan.

Mary Balch testified that she and an employee left her home, which has an attached office, around 1:30 p.m. Balch drove to her ranch; however, she returned to her home upon receiving Solis's call. Balch testified that a 37-inch screen television had been moved from a television cabinet to the floor of the den. Balch began preparing a list of the missing items, including televisions, VCRs, telephones, a computer, a printer, pens and pencils, decorator items, jewelry, cameras, etc. Sometime later, an officer called and requested that Balch identify a computer that had been recovered. Balch went to the police station and identified the computer. Balch subsequently also went to an apartment and identified numerous objects that had been taken from her home including a photograph of her grandson. Balch denied giving Chavez permission to enter her home or take items from her home. Balch testified that Solis told her who owned the green car, and Balch conveyed that information to the police.

Mary Balch's daughter, Anita Hudson, discovered that the ornament in which a key had been hidden outside her mother's home was missing. Hudson later identified the ornament among the items in an apartment to which she was summoned by officers. Hudson also recognized numerous other items in the apartment that had been taken from her mother's home. Hudson testified that

several of the stolen items were heavy. Hudson stated that the television left on the den floor at her mother's home would require two people to carry it.

Trinidad Sentena, Jr., a cousin of Trina Galvan, testified that he believed Galvan and Chavez were married because they lived together on and off like they were married. Galvan had been offering to sell Sentena a computer for several months. On the day of the offense, Sentena went to Galvan's apartment around 4:30 p.m. and purchased a computer. Both Galvan and Chavez were present when Sentena purchased the computer, but Sentena mainly spoke with Chavez. Sentena was contacted by a police officer shortly after he purchased the computer, and he later relinquished the computer to the police. Sentena testified that Galvan owned a green Mustang.

Rachel Harwell lived next door to Galvan. Harwell stated that she thought Chavez and Galvan were married because Chavez would routinely spend time at Galvan's apartment. On the day of the offense, Harwell saw a green Mustang parked in front of Galvan's apartment with the trunk and driver's side door open. Harwell saw Chavez pulling electronic items out of the car around 3:00 p.m.

Diane Reiner, the secretary at the school Chavez's daughter attended, testified that Chavez arrived at the school on the day of the offense to pick up his daughter around 4:00 p.m. Chavez's daughter had already been picked up by her grandmother, and Reiner testified that Chavez rarely picked up his daughter so she thought it was unusual.

Officer Mike Routh responded to the dispatch to Balch's home. Officer Routh entered the home through the broken window to ensure that the scene was secure. Balch made a list of 76 items that were missing. Based on information he gathered, Officer Routh, who knew Galvan owned a green car, put out a description of the car and obtained a search warrant for Galvan's apartment.

Items that were stolen from Balch's house were located in the apartment. Pictures of the items were introduced into evidence.

Officer Bryn Thomas Humphrey stopped Galvan's car around 5:37 p.m. on the day of the offense. Galvan was driving, and Chavez was a passenger. After speaking with Galvan, Officer Humphrey called Sentena about the computer Galvan sold to him. The computer, which Officer Humphrey subsequently retrieved from Sentena, belonged to Balch. Galvan and Chavez were arrested, and Officer Humphrey transported Chavez to jail. During the course of the transport, Chavez said, "The bitch better not rat me out." When Officer Humphrey returned to Balch's home to gather evidence, he noticed a very large television on the floor that had been moved from a stand. The Sony emblem from the television was missing and was later found in Galvan's apartment. The television was so heavy that it required two officers to lift it.

Officer Tyrone Fincher testified that Galvan weighed 105 pounds, and her hands "are pretty much crippled" from a birth defect. Officer Fincher stated that he thought Galvan had "one finger on each hand."

Carol Pope, Balch's neighbor, testified that on the day of the offense, she observed a green car driving very slowly by Balch's home around 4:20 p.m. Two occupants were in the car, and she described the driver as being an Anglo male with medium, spiky blond hair.

## DISCUSSION

In his first two issues, Chavez challenges the legal and factual sufficiency of the evidence to support his conviction. In determining the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). Our standard of review accounts for the factfinder's ability to draw reasonable inferences from basic facts to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id*.

In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id*. at 9.

The lack of direct evidence is not dispositive of the issue of a defendant's guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Clayton*, 235 S.W.3d at 778; *Guevara*, 152 S.W.3d at 49. Circumstantial evidence alone is sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778; *Guevara*, 152 S.W.3d at 49. The standard of review on appeal is the same for both direct and circumstantial evidence cases. *Guevara*, 152 S.W.3d at 49.

The evidence in this case establishes that Chavez and Galvan lived together in Galvan's apartment at least on a sporadic basis. Solis saw two people suspiciously driving by the scene of the

offense in a green car. Harwell observed Chavez removing items that appeared to be electronic equipment from Galvan's green car while it was parked in front of Galvan's apartment on the day of the offense. Chavez and Galvan sold Sentena a computer stolen from Balch's home, and Sentena primarily interacted with Chavez during the transaction. *See Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007) (noting a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary). Numerous other items stolen from Balch's home were located in Galvan's apartment. A large television had been moved from a stand to the floor at Balch's home. The television required more than one person to move, and the emblem from the television was located in Galvan's apartment. In addition to the fact that the television required more than one person to lift it, evidence was presented regarding the "crippled" nature of Galvan's hands. After being arrested and as he was being transported to jail, Chavez stated, "The bitch better not rat me out."

In view of the aforementioned evidence and the reasonable inferences the jury was entitled to draw from that evidence, we find the evidence is legally sufficient to support Chavez's conviction. The only evidence presented by the defense was a neighbor's testimony that an Anglo male with blond hair was driving a green car in the neighborhood on the afternoon of the offense. Deferring to the jury's determination with regard to the weight and credibility of the evidence, the evidence is not so weak that the verdict is clearly wrong or manifestly unjust, nor is the verdict against the great weight and preponderance of the evidence. Accordingly, we overrule Chavez's first and second issues.

Chavez next challenges the legal sufficiency of the evidence to establish the prior conviction relied upon by the State to enhance his punishment range. To establish that a defendant has been

convicted of a prior offense, the State must prove beyond a reasonable doubt that: (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id*. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation; (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person; or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id*. at 921-22. Any type of evidence, documentary or testimonial, might suffice. *Id*. at 922. "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Id*.

In this case, the State sought to prove that Chavez was previously convicted of the offense of failure to appear. A certified copy of a judgment was introduced into evidence establishing that Alfredo Chavez had been convicted of the offense of failure to appear in Tom Green County in August of 2000 and was sentenced to four years in prison. Trooper Donald Van Zandt testified that Chavez had been tried on a charge in Tom Green County and "sent to four years in the penitentiary for failure to appear." Chavez's father also stated that Chavez had been incarcerated in San Angelo for failure to appear. Finally, Galvan testified that Chavez had been in the penitentiary twice. The foregoing evidence is legally sufficient to link Chavez to a prior conviction for failure to appear. Chavez's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH