AFFIRM; Opinion issued September 27, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00502-CR

## DAVID SMITH, Appellant

V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F10-72897-Y

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

A jury convicted David Smith of first-degree aggravated assault of his former girlfriend and assessed punishment at six years in prison and a $5000 fine. In four issues, appellant challenges the admission of evidence regarding prior convictions and the trial court's failure to instruct the jury to disregard certain questions asked by the prosecutor. Because we conclude appellant's issues do not have merit, we affirm the trial court's judgment.

In September 2010, Antoinette Chapman was dating appellant and was at his house when the two got into an argument. Chapman said appellant grabbed her vagina, and she responded by scratching his face. When appellant grabbed her again, she threatened to call the police. Appellant then hit her in the face several times, breaking her jaw and knocking out four teeth. Chapman

wanted to leave, and appellant called a friend to pick her up. Once home, Chapman called the police and was then transported to the hospital for treatment of her injuries. Chapman said that as a result of her injuries, she underwent jaw surgery and had her mouth wired shut for six weeks.

At trial, appellant did not deny hitting Chapman but claimed he was defending himself from her attack. He testified that Chapman grabbed his testicles and squeezed, causing him severe pain. Appellant said he "caught a breath" when Chapman let go, but then she tried to grab him again, and he "swung two times and hit her." Appellant said Chapman's mouth was bloody, but he did not realize the extent of her injuries. On cross-examination, appellant said the only way he could defend himself was to punch Chapman in the face, yet he acknowledged that at 6'4" and 220 pounds, he was a foot taller and more than 100 pounds heavier than Chapman. He also admitted hitting Chapman on other occasions when she had not hit him first.

In his first three issues, appellant argues the trial court erred in admitting documents regarding prior convictions because the State failed to prove he was the man named in the documents. Specifically, he challenges the admission of State's exhibits 7, 9, 10, and 11, which showed a David Smith had been convicted of felony aggravated burglary in Louisiana, misdemeanor disorderly conduct in Virginia, and misdemeanor deadly conduct in Denton County, Texas. The exhibits were admitted at the punishment phase of the trial.

To establish that a defendant was convicted of a prior offense, the State must (1) prove the existence of the conviction and (2) link the conviction to the defendant. *Flowers v. State*, 220 S.W.3d 919, 920 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* The State may prove the elements in a number of ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3)

–2–

documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921-22. As stated by the court of criminal appeals, the proof closely resembles a "jigsaw puzzle," where the pieces standing alone have little meaning, but when fitted together form the picture of the person who committed the alleged prior offense. *Id.* at 923.

Whether the State meets its burden of linking the conviction to the defendant is a matter of conditional relevancy, meaning the relevance of a prior conviction is conditioned upon the production of evidence sufficient to show that the defendants are one and the same. *Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd). The State is not required to provide such linking evidence before a trial court can properly admit certified documents showing the convictions; evidence should not be excluded merely because its relevance may depend upon the production of additional evidence at a later point in the trial. *Id.* Therefore, when authenticated copies of conviction records are offered into evidence to prove that a prior conviction is part of a defendant's criminal history, it is not essential that supporting identification evidence precede the admission of the conviction evidence. *Id.* If the State offers conviction records into evidence and establishes through the testimony of someone with personal knowledge that the defendant on trial is the same person as the person previously convicted, the trial court does not err in admitting the evidence for the jury to consider when assessing punishment. *See id.*

In his first issue, appellant challenges the admission of State's exhibit 7, which is a certified copy of papers from Orleans Parish in Louisiana and was sent in response to a request from the Dallas County District Attorney's Office. The DA's request, which is included in the exhibit, sought a certified disposition on a David Smith, black male, born April 15, 1968, with a specified Social Security number, regarding an arrest on or about December 20, 1996 for aggravated robbery and

simple kidnapping. During his testimony at the guilt-innocence phase, appellant admitted his name was David Smith and his date of birth was April 15, 1968. The Louisiana documents identified a person with the same name as appellant, the same date of birth, the same sex, and the same race, who pleaded guilty to aggravated burglary on December 20, 1996, a time in which appellant previously testified he lived in New Orleans. The documents showed the defendant was sentenced to two years, given credit for time served, and ordered to stay away from the victim, Anita Jones. The documents also show the simple kidnapping charge was "refused." After the exhibit was admitted, appellant's mother, Jeanette Smith, testified on her son's behalf. On cross-examination by the prosecutor, Smith acknowledged that appellant committed aggravated burglary in Louisiana in 1996 at the home of Anita Jones's mother. (Smith's testimony suggested the victim's name was Lanita, instead of Anita.) She said that as a result, appellant spent twelve months in jail, but she did not recall how long he had been in jail before he pleaded guilty. We conclude this evidence was sufficient to establish that appellant was the same person who was previously convicted in Orleans Parish, Louisiana, and the trial court did not err in admitting the exhibit. We overrule the first issue.

In his second issue, appellant challenges the admission of State's exhibit 9, a certified copy of an order from the Commonwealth of Virginia, showing that a David Smith pleaded guilty to the reduced charge of disorderly conduct on October 26, 2007 and received an eight-month sentence. The defendant had the same date of birth and is the same sex as appellant. In addition, the exhibit contained the defendant's Social Security number, which was the same as the Social Security number contained in the DA's request to the Orleans Parish and to which the Orleans Parish responded with the aggravated burglary conviction. In addition, appellant testified at the guilt-innocence phase that he previously lived in Virginia. Considering the totality of the information, we conclude the evidence was sufficient to show that appellant was the same person previously convicted of

misdemeanor disorderly conduct in Virginia, and the trial court did not err in admitting Exhibit 9. We overrule the second issue.

In his third issue, appellant challenges the admission of exhibits 10 and 11, copies of documents showing a prior conviction in Denton County. Exhibit 10 is a document entitled, "Criminal Case Search Detail," and gives case and disposition information for a David Smith, who pleaded guilty to deadly conduct, a misdemeanor, on June 3, 2004 and was sentenced to 240 days in a state jail facility. The exhibit identified David Smith as having the same date of birth as appellant and describes him as 6'4" and 230 pounds, which is the same height as appellant testified to during guilt-innocence and within eight pounds of his weight. Exhibit 11 is a certified copy of the corresponding judgment as shown by the cause number, which is the same cause number as Exhibit 10. After the exhibits were admitted, appellant's mother testified she knew about the deadly conduct offense appellant committed in Denton County in 2004. We conclude the totality of information was sufficient to establish that appellant was the same person who committed deadly conduct as shown in exhibits 10 and 11, and the trial court did not err in admitting them. We overrule the third issue.

In his fourth issue, appellant contends the trial court erred in denying his request to disregard statements made by prosecutor during the guilt-innocence phase of trial.

On cross-examination, the prosecutor attempted to impeach appellant with evidence of the 1996 prior conviction in Louisiana. After appellant denied being convicted of an offense in Louisiana, the prosecutor showed him State's exhibit 7 and then asked him about specific information contained in the exhibit. Appellant agreed the exhibit showed his race, sex, date of birth, that the conviction was out of New Orleans, and that he was living in New Orleans at that time. All of this information was adduced without objection. Appellant's counsel then objected to

improper impeachment when the prosecutor asked if he "pled guilty as charged and did two years . . . with credit for time served" and again when the prosecutor asked if appellant remembered "having an attorney named Donald Collins." Both objections were overruled. When the State then offered the exhibit into evidence, appellant's counsel objected to improper impeachment, no evidence that appellant was the same person, and at the prompting of the trial judge, under Texas Rule of Evidence 403. The trial court sustained the objection and disallowed the exhibit but overruled appellant's request for an instruction to disregard the prosecutor's previous statements regarding the information contained in the exhibit.

On appeal, appellant asserts that by "sustaining [his] objection to the State's evidence regarding an alleged prior conviction, the trial court determined that such evidence presented undue prejudice to [Appellant's] right to a fair trial." He argues the risk of undue prejudice went "unabated" when the trial court withheld an instruction to disregard.

To preserve error on appeal, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling that appears in the record. TEX. R. APP. P. 33.1(a); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Initially, we note the trial court sustained the objection to the admission of the exhibit containing documents regarding the prior conviction; it did not, however, sustain either of the objections to the State's questions about the prior conviction. More importantly, the prosecutor asked twelve questions regarding the prior conviction before appellant objected. Under these circumstances, we conclude appellant failed to timely object and has therefore waived any complaint regarding the questions asked by the prosecutor before the exhibit was admitted. We overrule the fourth issue.

We affirm the trial court's judgment.

_____
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110502F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID SMITH, Appellant

No. 05-11-00502-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F10-72897-Y).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 27, 2012.

MOLLY FRANCIS
JUSTICE