

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-12-00373-CR

_____

**JEFFERY HAROLD ACKORS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-2276-C2**

_____

## MEMORANDUM OPINION

_____

Jeffery Harold Ackors was convicted after a bench trial of (1) one count of continuous sexual abuse of a child, a first degree felony, TEX. PENAL CODE ANN. § 21.02 (West Supp. 2012); (2) one count of indecency with a child, a second degree felony, *id*. § 21.11(a)(1) (West 2011); four counts of aggravated sexual assault of a child, first degree felonies, *id*. § 22.021(a)(1)(B)(iii), (iv), (2)(B) (West Supp. 2012); and one count of sexual performance of a child, a first degree felony, *id*. § 43.25(b) (West 2011).  The trial court

found an enhancement allegation and a habitual allegation to be true and sentenced Ackors to life in prison on each count. Because the evidence is sufficient to prove aggravated sexual assault by contact as alleged in Count V of the indictment and to prove the enhancement and habitual allegations of the indictment, the trial court's judgment is affirmed.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307,

326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence is treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Ackors's victims were H.N. and B.E. In his first issue, Ackors argues the evidence is insufficient to prove aggravated sexual assault of B.E. by contact as alleged in Count V of the indictment. Ackors specifically argues that the evidence is insufficient to prove that he touched B.E.'s sexual organ with his mouth. At trial, B.E. denied Ackors touched her vagina with his mouth. However Dr. Ann Sims, the medical director for the Advocacy Center, testified that she examined B.E. who told Dr. Sims that when Ackors's mouth touched her "private part," it felt "slimy." Although Dr. Sims did not clearly explain at trial what B.E. meant by "private part," she explained in her report, which was introduced into evidence, that vagina meant "private area." Accordingly, a rational factfinder could have found beyond a reasonable doubt that Ackors touched B.E.'s sexual organ with his mouth. Ackors's first issue is overruled.

In his second issue, Ackors argues that the evidence is insufficient to prove the enhancement and habitual allegations of the indictment. The State's use of prior

convictions as sentence enhancements substantially increases the minimum sentence available to be assessed. *See* TEX. PENAL CODE ANN. § 12.42(a), (b), & (c) (West Supp. 2012). Habitual offender status increases the entire range of sentence available and requires a finding of two previous felony convictions. *Id*. (d).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no "best evidence" rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. *Id*. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including but not limited to (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id*. at 921-922 (footnotes omitted). The factfinder looks at the totality of the evidence to determine whether the State proved the prior convictions beyond a reasonable doubt. *Id*. at 923.

In an enhancement paragraph, the State alleged that Ackors had been previously convicted of the felony offense of burglary of a habitation in Lea County, New Mexico.

In a habitual paragraph, the State alleged that Ackors had been previously convicted of the felony offense of "homicide" in Potter County, Texas. Ackors does not argue on appeal that the State failed to prove the prior convictions exist; instead, he complains that the evidence is insufficient to link those convictions to him.

At the punishment phase of the trial, the State called Detective Jason Davis who testified that he interviewed Ackors and discussed Ackors's prior criminal history with him. Ackors told Davis that he killed a man and "did time" in Texas and had been arrested for burglary in Hobbs, New Mexico. Ackors mentioned to Davis that he had been convicted for the murder but did not mention that he had been convicted for the burglary. The State then introduced a certified copy of a judgment of conviction for the offense of murder rendered by the 108th District Court in Potter County, Texas in case number 24,627. The date of the judgment is May 12, 1986. The name of the defendant listed on the judgment is "Jeffery Harold Ackors." The State also introduced a certified copy of a "Judgment & Sentence After 60 Day Evaluation" for the offense of burglary rendered by the District Court of Lea County, New Mexico on November 21, 1995. The name of the defendant listed on the judgment is "Jeffery Ackors." The judgment notes that the "above named defendant," *i.e.* Jeffery Ackors, "is the same person who was convicted on the 12th day of May, 1986, in the District Court of Potter County, Cause No. 24,627 of the crime of Murder."

Although certainly not a preferred method of linking a defendant to a prior conviction, we find that based on a totality of the evidence, the trial court as the factfinder, could have found beyond a reasonable doubt that Ackors was linked to the two prior convictions introduced by the State. Ackors's second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 17, 2013
Do not publish
[CRPM]