*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-08-00678-CR

Arthur **DUKES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR8524
Honorable Fred Shannon, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:    June 10, 2009

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in admitting four exhibits into evidence relating to appellant's prior convictions. We review a trial court's decision to admit evidence over objection under an abuse of discretion standard and will not reverse that decision absent a clear abuse of discretion. *McCarty v. State*, 257 S.W.2d 238, 239 (Tex. Crim. App. 2008). The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *Id*.

To establish that a defendant has been convicted of a prior offense, the State must prove that: (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* Any type of evidence, documentary or testimonial, might suffice. *Id.* at 922. For example, the State may prove both of these elements by documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921-22.

In this case, Dukes does not contend that the exhibits in question fail to prove the existence of the prior convictions. Instead, Dukes contends that the trial court abused its discretion in admitting the exhibits because the State failed to prove his identity as the person convicted. Dukes relies on the inability of the State's fingerprint expert to match the fingerprints contained in the exhibits in question to Dukes's fingerprint.

The State's fingerprint expert, however, was able to match the fingerprint on a judgment contained in another exhibit admitted into evidence with Dukes's fingerprint. The expert further testified that the exhibit containing the matching fingerprint also contained Dukes's name and his unique SID number, which the expert compared to a Bexar County social security number.[1] Finally, the expert identified the exhibits in question as containing Dukes's name and the same unique SID number as the exhibit with the matching fingerprint. Because there was evidence linking Dukes to the convictions established by the exhibits in question, the trial court did not abuse its discretion in admitting those exhibits into evidence. *See id*; *see also Nguyen v. State*, Nos.

---

[1] The expert explained that each defendant is assigned a unique SID number that stays with that defendant "to keep all records straight." The expert further explained that the SID number is used as an additional identifier by the police department in Bexar County to identify a particular defendant.

13-02-645-CR & 13-02-646-CR, 2004 WL 1834404, at *3 (Tex. App.—Corpus Christi Aug. 12, 2004, no pet.) (referring to appellant's unique SPN number as evidence linking appellant to prior convictions) (not designated for publication); *Coop v. State*, No. 04-97-00767-CR, 2000 WL 36096, at *1 (Tex. App.—San Antonio Dec. 30, 1999, no pet.) (referring to appellant's SID number as some evidence linking appellant to prior convictions) (not designated for publication)

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH