AFFIRM; Opinion issued November 13, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00933-CR

### WILLIAM EDWARD WRIGHT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F09-59758-K**

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

Following his jury conviction for aggravated sexual assault, William Edward Wright complains that the trial court erred in using two previous convictions to enhance his punishment because the State failed to prove the previous convictions beyond a reasonable doubt. We affirm. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant argues in a single point of error that the trial court erred in using two previous convictions to enhance his punishment to an automatic life sentence because the State failed to prove he committed those previous convictions beyond a reasonable doubt. To show a defendant has been

convicted of a previous offense, the State must prove beyond a reasonable doubt both that the previous conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or method of proof is required to prove these two elements. *Id.* Regardless of the type of evidentiary items the State offers to establish the existence of a previous conviction and its link to a specific defendant, the trier of fact looks at the totality of the evidence admitted to determine the two elements. If the two elements can be found beyond a reasonable doubt, then the combined evidence is necessarily legally sufficient to prove the previous conviction. *See id.* at 923.

Appellant complains the evidence in his case is insufficient to connect him to the previous offenses because, although a fingerprint expert was able to match appellant's current fingerprints with fingerprints found in his pen packet from the state of Missouri, the State failed to link the pen packet fingerprints to the Missouri judgment showing his previous convictions for rape and sodomy. He complains there is a disparity among the documents about his correct birth date. And he complains the judgment in the pen packet showing his previous rape and sodomy convictions does not match the certified copy of the judgment also offered into evidence by the State.

Appellant is identified in the Missouri pen packet records as offender number 160425. The records show a man with his name was convicted of rape and sodomy on May 15, 1987 and was imprisoned on May 20, 1987. His "face sheet" for the department of corrections lists his name, offender number, and social security number, in addition to his two ten-year consecutive sentences and his "received" date of May 20, 1987. The "face sheet" also shows that he was convicted of rape and sodomy on May 15, 1987. The social security number listed on the face sheet corresponds with the social security number listed on other documentary evidence showing appellant's time served in Dallas County for the offense of aggravated assault with a deadly weapon. The Dallas County

documents also contain a photograph of appellant and a set of fingerprints that the fingerprint expert was unable to analyze.

The fingerprints included in the Missouri pen packet do not reference a specific offense, but appellant's name, race, and offender number are included, in addition to a handwritten date of "5-20-87" near the signature of the person who took the prints. Moreover, the pen packet contains a photograph of appellant showing that he was received on "5-20-87" for the crimes of rape and sodomy and received a sentence of "20-10, 10" years, which corresponds to the sentence in the written judgment contained in the pen packet. That judgment lists appellant's punishment for his convictions for "COUNT I - RAPE; COUNT II - SODOMY" as "10 years under Count I and 10 years under Count II said counts to run consecutively with each other." The judgment is also stamped with appellant's offender number. Viewing all these documents together, we conclude the evidence shows beyond a reasonable doubt that appellant was correctly linked to the rape and sodomy offenses.

It is true that appellant's birth year varies from 1947 to 1955 to 1945 among the various documents showing his previous convictions. The birth date, however, of August 2 is consistent among all the documents. In addition, there are minor differences between the certified judgment showing appellant's rape and sodomy convictions and the judgment contained in the pen packet. Although the State did not offer any evidence to explain the discrepancies, the differences are not material to proving the fact of the previous convictions.

Viewing the evidence as a whole, we conclude it is legally sufficient to prove beyond a reasonable doubt that appellant committed the previous rape and sodomy offenses. The trial court did not err in using the convictions to enhance appellant's sentence. We overrule appellant's sole

point of error and affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110933F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM EDWARD WRIGHT, Appellant

No. 05-11-00933-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 4 of Dallas County, Texas. (Tr.Ct.No. F09-59758-K).
Opinion delivered by Justice Morris, Justices Francis and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 13, 2012.

JOSEPH B. MORRIS
JUSTICE