

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00356-CR

Daniel **CASAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8563
Honorable Ron Rangel, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  April 2, 2014

AFFIRMED

A jury found appellant, Daniel Casas, guilty of failing to comply with sex offender registration requirements.  In his sole issue on appeal, appellant asserts the evidence is legally insufficient to support his conviction.  We affirm.

### BACKGROUND

In 1991, appellant was indicted on three counts.  He pled guilty/no contest to Count Two of the indictment—indecency with a child—and was sentenced to ten years' probation.  At the time he completed probation, Texas law required appellant to register as a sex offender for ten

years upon completion of probation. Appellant complied with this registration requirement and was discharged from the sex offender registration program in March 2005. Effective September 2005, the Texas Legislature amended the sex offender registration program to require sex offenders with certain reportable convictions or adjudications, including indecency with a child, to register for life.[1]

In 2006, appellant was granted an expunction with respect to Count Three of the indictment. However, there was no expunction of Count Two of the indictment, which was for indecency with a child and to which appellant pled guilty/no contest. Due to a clerical error, the Bexar County District Clerk destroyed the entire case records rather than the records pertaining solely to Count Three. This caused the Bexar County District Clerk's records to erroneously display that all charges against appellant had been expunged from his record. The error went undiscovered until 2011, when it was brought to the attention of Detective Rodolfo Gomez of the San Antonio Police Department's Sex Crimes Unit. Upon realizing appellant was not currently registered but was required to do so, Detective Gomez called appellant to inform him of his duty to register. Appellant referred Detective Gomez to his attorney who told Detective Gomez that appellant was no longer required to register pursuant to an expunction order. Detective Gomez forwarded the expunction order to the Department of Public Safety, which confirmed appellant was required to register as a sex offender for life.

Shortly thereafter, Detective Gomez learned appellant resided outside the San Antonio Police Department's jurisdiction and forwarded appellant's information to the Bexar County Sheriff. Bexar County Sheriff Detective Buddy Enriquez called appellant on June 13, 2011, and

---

[1] It is undisputed appellant failed to register for the sex offender registration program after the 2005 amendment went into effect. However, the State did not seek to prosecute appellant for the time he was unregistered prior to the San Antonio Police Department and Bexar County Sheriff contacting him in 2011.

again informed him of his requirement to register. The next day, Detective Enriquez visited appellant at his residence. Detective Enriquez once again informed appellant of his requirement to register and informed him that his expunction with respect to Count Three did not relieve this registration requirement. Before leaving, Detective Enriquez scheduled an appointment for appellant to register, but appellant failed to appear. A warrant was issued and appellant was arrested for failing to comply with sex offender registration requirements.

Appellant filed a pretrial motion in limine arguing all records from his 1991 case do not legally exist and cannot be mentioned in court pursuant to section 55.04 of the Texas Code of Criminal Procedure, which criminalizes a knowing release, dissemination, or any other use of expunged records or files. The trial court held a pretrial hearing on appellant's motion where it heard testimony from Beatrice Gonzalez, Bexar County District Clerk Division Chief; Melissa Plate, Bexar County District Clerk Senior Division Chief; and Lilian Cronk, retired Bexar County District Clerk Supervisor. Their testimony established the Bexar County District Clerk destroyed all physical records pertaining to appellant's 1991 case. However, Plate testified that during her research of this case, copies of the erroneously destroyed records were found on microfilm. The Bexar County District Clerk provided the State with certified copies of these public records. The trial court denied appellant's motion and ruled the certified copies were self-authenticating documents. A jury found appellant guilty of failing to comply with sex offender registration requirements, and the trial court assessed punishment at eight years' deferred adjudication.

On appeal, appellant asserts the State failed to introduce properly authenticated evidence showing he was required to register as a sex offender. As such, he contends the evidence was legally insufficient to support a conviction for failing to comply with sex offender registration requirements.

**LEGAL SUFFICIENCY**

**1. Standard of Review**

In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the verdict" and determine whether "any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We defer to the jury's credibility and weight determination because the trier of fact is the sole judge of the witness' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326; *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).

**2. Analysis**

Chapter 62 of the Texas Code of Criminal Procedure defines the scope and requirements of Texas's sex offender registration program. A person commits the offense of failing to comply with registration requirements if the person is required to register and fails to comply with any requirement of Chapter 62. TEX. CODE CRIM. PROC. art. 62.102(a) (West 2008). A person is required to register with the local law enforcement authority in any municipality or county where he resides or intends to reside for more than seven days if he has a "reportable conviction or adjudication." *Id*. art. 62.051(a). A reportable conviction or adjudication is a conviction or adjudication for specifically identified offenses containing a sexual component. *See id*. art. 62.001(5)(a) (including indecency with a child as reportable conviction or adjudication).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these elements. *Id*. While a certified copy of a final judgment and sentence may be preferred, the State may prove both elements by a number of different ways,

including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as the person convicted, or (3) documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.*

There is no dispute appellant failed to register with the local law enforcement authority. The issue in this case is whether the State proved appellant had a reportable conviction or adjudication requiring appellant to register as a sex offender. Specifically, appellant argues the Bexar County District Clerk's erroneous destruction of his entire case file required the State to recreate computer entries relying on "records that were not part of the court record, but instead were parsed together through business record affidavits . . . ." Appellant asserts the records offered by the State used to prove his underlying indecency with a child offense were (1) not properly authenticated and should have not been admitted into evidence, and (2) even if the records were properly admitted, the records were insufficient to establish a prior reportable conviction or adjudication.

The State did not present a certified copy of the final judgment and sentence, and appellant did not admit or stipulate to his prior offense. Nor was testimony given by a person present when appellant was convicted. Instead, the State relied on documentary proof to establish a prior conviction existed and to link appellant to that offense. To do so, the State introduced a total of twelve exhibits into the record. Although appellant fails to specifically identify in his brief which records he complains were not properly authenticated, the record reflects appellant objected to the authentication of State's Exhibits 1, 3, and 5, all of which are documents recovered by the Bexar County District Clerk from appellant's 1991 offense (trial court cause number 91-CR-0486).

During the trial, Plate testified as to the general duties and expunction procedures of the Bexar County District Clerk. Although the Bexar County District Clerk destroyed the original

records related to appellant's non-expunged charges, copies of the erroneously destroyed records were retrieved via microfilm. The State introduced certified copies bearing the District Clerk's seal and signature, which the trial court accepted as self-authenticating certified copies of public records. Under Texas Rule of Evidence 902(4), a document is self-authenticating if it is accompanied by a certificate from the custodian or manager of the public records who certifies them as a true and correct copy of the original. TEX. R. EVID. 902(4); *see also Flowers*, 220 S.W.3d at 922–23 (stating "[r]ule 902 of the Texas Rules of Evidence explicitly allows for the self-authentication of certified copies of public records"). Appellant fails to explain how such documents were not properly authenticated and provides no authority for such argument. Accordingly, we disagree with appellant's argument that the documents introduced as evidence were not properly authenticated and conclude they were self-authenticating documents under Rule 902. We next determine whether the State proved beyond a reasonable doubt that a prior reportable conviction or adjudication existed, and whether the defendant was sufficiently linked to that conviction.

State's Exhibit 1 is a certified copy of the "Agreed Order of Expunction." It provides appellant is entitled to expunction with respect to Count Three of the indictment in trial court cause number 91-CR-0486. State's Exhibit 3 is a certified copy of the "Order" granting appellant early termination of probation. State's Exhibit 5 is a certified copy of "Defendant's Waivers and Affidavit of Admonitions," which was signed by appellant and shows he pled guilty/no contest to indecency with a child.

In addition to these documents, the State introduced several other exhibits that contain sufficient information to establish both the existence of a prior conviction and appellant's identity as the person convicted. Without objection from appellant, the State also introduced State's Exhibit 9, which includes appellant's sex offender registration records from the San Antonio Police

Department's Sex Crimes Unit. The records contain appellant's name, address, driver's license number, social security number, telephone number, fingerprints, and a picture of appellant dated October 2002.

State's Exhibit 16 contains appellant's employment records from the City of Lacoste, introduced as business records authenticated by affidavit. The first page of State's Exhibit 16 is the "Order Deferring Adjudication of Guilt and Granting Adult Probation (Non-Jury)," showing appellant was sentenced to ten years' deferred adjudication for indecency with a child.

Finally, State's Exhibit 18 consists of business records maintained by the Department of Public Safety and introduced as a certified public document along with an affidavit from the custodian of records. The first document in State's Exhibit 18 is a redacted copy of the 1991 indictment showing appellant was charged with indecency with a child. The second document is a duplicate of State's Exhibit 16 showing appellant was sentenced to ten years' deferred adjudication for indecency with a child. The third document is appellant's "Motion for Early Termination of Probation" stating appellant "was placed on probation by this court on the 5th day of December, 1991, for a period of ten (10) years for the offense of indecency with a child." The final document is a duplicate of State's Exhibit 3, "Order" granting early termination of probation.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found that appellant had a reportable adjudication, was required to register under Chapter 62, and failed to register with the Bexar County Sheriff.

## CONCLUSION

We conclude the evidence in this case was properly authenticated and was legally sufficient to support appellant's conviction for failing to comply with sex offender registration requirements. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish