**Affirmed and Opinion Filed October 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01416-CR

**HAROLD QUINNTIN PRATT, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82573-2013**

## MEMORANDUM OPINION
Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

Harold Quinntin Pratt, Jr. entered an open plea of guilty to aggravated robbery. The trial court found appellant guilty and assessed punishment, enhanced by a prior felony conviction, at eighteen years in prison. In one issue, appellant challenges the trial court's use of an arrest/booking record to prove the identity prong of the enhancement allegation. We affirm.

Asmerom Tesfamichael was a clerk at a 7-Eleven store. At about 3 a.m. on June 11, 2012, appellant entered the store wearing a mask over his face, pointed a gun at Tesfamichael, and robbed him of the store's cash and lottery tickets. After indictment, the State filed a notice of intent to enhance appellant's punishment with a February 14, 2011 conviction for burglary of a habitation in cause number F-0644216-T in the 283rd Judicial District Court.

Appellant pleaded not true to the enhancement allegation. State's exhibit 5, the judgment adjudicating guilt in F-0644216-T and supporting documents, did not contain legible fingerprints. Consequently, at the hearing, the State presented proof appellant was the same person previously convicted through a Dallas County "jail pack." The jail pack contained a ten-print card listing the name Harold Q. Pratt, date of birth, the number "F0644216," and appellant's DPS State Identification Number (SID). This information mirrored that in State's exhibit 5. Michael Smith, felony investigator for the Collin County District Attorney's Office, testified he took appellant's fingerprints the day before and compared them to prints in various documents, including the jail pack. Smith said the prints matched.

Appellant objected to the admission of State's exhibit 5 as "missing an essential component," the fingerprint. He objected to the admission of the county jail records on hearsay grounds because the records contained information of the enhancement offense and would show the "enhancement is valid." The trial court overruled the objections and admitted the prior judgment, the county jail records, and appellant's fingerprint card completed the day before. At the conclusion of the hearing, the trial court found the enhancement allegation true and assessed punishment accordingly.

On appeal, appellant argues the trial court relied on "improper evidence," the county jail records, when finding the enhancement allegation true. He urges this Court to "adopt a new legal standard whereby county jail records would be allowable only when a final conviction led to incarceration in the county jail." We decline to do so.

Texas law does not require the existence of a prior conviction or linking of the defendant to the prior conviction to be proven in any specific manner. *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). The State may use "[a]ny type of evidence, documentary or testimonial." *Id*. at 922. The existence of a prior conviction and linking of the defendant to the

prior conviction may be established by certified copies of the prior judgment and sentence and records of the State containing fingerprints of the individual previously convicted, supported by expert testimony identifying those fingerprints as identical to known fingerprints of the defendant. *See Vessels v. State,* 432 S.W.2d 108, 117 (Tex. Crim. App. 1968) (op. on reh'g); *see also Griffin v. State,* 181 S.W.3d 818, 820 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The evidence offered, however, may include linking the defendant to the prior conviction with records from the county jail that include fingerprints of the accused. *See Garner v. State*, 864 S.W.2d 92, 97 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (using judgment and sentence in prior felony conviction, copy of county "jail card" with defendant's prints, and defendant's known prints to prove appellant was same person previously convicted).

Here, the State proved appellant was the same person previously convicted of burglary of a habitation by (1) offering the judgment adjudicating guilt, (2) collecting contemporaneous fingerprints from appellant and linking them to his certified jail pack, and (3) establishing the identifying information in the judgment (offense charged, cause number, and appellant's SID) matched the information on the jail card. We conclude the trial court did not abuse its discretion by considering the jail card as part of the proof. We overrule the sole issue.

We affirm the trial court's judgment.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151416F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HAROLD QUINNTIN PRATT, JR.,
Appellant

No. 05-15-01416-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82573-2013.
Opinion delivered by Justice Francis;
Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 6, 2016.