**Thomas Earl NARD, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 06-16-00124-CR**

Court of Appeals of Texas, Texarkana.

Date Submitted March 2, 2017

Date Decided May 19, 2017

Rehearing Overruled July 18, 2017

Discretionary Review Refused September 27, 2017

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, 1725 Galleria Oaks Drive, Texarkana, TX 75503, for appellant.

Nicholas Ross, Courtney H. Shelton, Cass County District Attorney's Office, P O Box 839, Linden, TX 75563, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Thomas Earl Nard was convicted of the offenses of aggravated assault with a deadly weapon and deadly conduct.[1] He elected to have the trial court assess punishment, and after a punishment hearing, the trial court sentenced Nard to serve seventy years' imprisonment on the present charge. On appeal of his aggravated assault with a deadly weapon conviction, Nard asserts (1) that the trial court erred in failing to instruct the jury on the lesser-included offense of assault, (2) that the district clerk's failure to file the master jury venire list or the lists of each parties' peremptory strikes precludes review of whether those strikes were utilized in an illegal manner, and (3) that the State failed to prove at punishment that he was the person convicted of the two prior felony offenses alleged by the State in the enhancement paragraphs of the indictment. We overrule Nard's points of error and affirm the judgment of conviction.

## I. Lesser-Included Offense Instruction on Assault

Nard complains that the trial court should have granted his request for a jury charge instruction on the lesser-included offense of assault. Nevertheless, upon review of the charge, we find that the jury was, in fact, given such an instruction.

The court's charge instructed the jury on the elements of aggravated assault with a deadly weapon and stated that in order to find Nard guilty of that offense, the jurors must unanimously agree that the State proved each of those elements be-

yond a reasonable doubt. The charge then stated,

> However, if you find from the evidence beyond a reasonable doubt that the defendant, in Cass County, Texas, on or about July 16, 2014, did intentionally or knowingly threaten Frederick Mack with imminent bodily injury but that you entertain a reasonable doubt as to whether the defendant used or exhibited a shotgun, a deadly weapon then you will find the Defendant guilty of Assault and not of Aggravated Assault with a Deadly Weapon.

The verdict form provided three options: (1) a finding that Nard was guilty of aggravated assault with a deadly weapon, (2) a finding that Nard was guilty of assault, or (3) a finding that Nard was not guilty of either offense. The court's charge accurately stated the law and gave the jury the option of finding Nard guilty of the lesser-included offense of assault. Accordingly, we overrule Nard's first point of error.

## II. The Supplemental Record Contains the Jury Venire and Strike Lists

Nard next complains that the clerk's record, as originally filed in this matter, did not contain the master venire lists or the lists of each party's peremptory strikes. He contends that the absence of those documents precludes appellate review of whether the strikes were utilized legally. At our request, the district clerk supplemented the clerk's record with the venire list and the parties' strike lists.[2] Nard has presented no supplemental argument or allegation of error after the supplementation was completed. Consequently, we overrule Nard's second point of error.

---

1. Nard appeals his conviction of the offense of deadly conduct under our cause number 06-16-00123-CR. We address that conviction and sentence by separate opinion in that case.

2. *See* Tex. R. App. P. 34.5.

### III. The State Sufficiently Proved the Enhancement Allegations

Nard argues in his third point of error that the State failed to prove at punishment that he was the person convicted of the two prior felony offenses alleged in the indictment's enhancement paragraphs. The indictment alleged the following prior convictions:

[O]n the 27th day of May, 1986, in cause number 17,611 in the Fifth Judicial District Court of Cass County, Texas the defendant was finally convicted of the felony offense of Assault on A Peace Officer.

... [T]he defendant committed the felony offense of Sexual Assault of a Child and was finally convicted on the 1st day of May, 1989, in cause number 89-F-085

in the Fifth Judicial District Court of Cass County, Texas.

◼◼◼ At trial, the State offered witness testimony and State's Exhibits 14 through 18, which included three judgments of conviction and two judgments revoking probation, in order to prove these enhancement allegations. Nard argues that this evidence is insufficient to establish that Nard was the defendant who was the subject of the judgments in those exhibits because the judgments contained in those exhibits do not contain a thumbprint or fingerprints or other specific identifiers, such as date of birth or social security number. He concludes that in the absence of such identifying information, the evidence is insufficient to prove the enhancement paragraphs.[3]

---

**3.** Nard argues on appeal that he objected to the introduction of the evidence at trial because the evidence was not sufficiently connected to him. He goes on to state the standard of appellate review applicable to evidentiary rulings. In the summary of his third point of error, he states, "The State did not identify Nard as the person convicted of several prior offenses through fingerprints or photographs. Accordingly, there is insufficient evidence to support the enhancement finding." He further states the law establishing the State's burden of proof for enhancement allegations. In the body of his brief, Nard states, "Therefore, the issue presented is whether the State sufficiently established Nard's identity through his name, date of birth, social security number and address and whether such evidence was sufficient in the absence of photograph and fingerprint identification evidence." In his conclusion, Nard states the standard of review of harmful error and argues, "The prior convictions were used by the court to enhance the punishment range for the offense.... Accordingly, the erroneous admission of the judgments into evidence was harmful error to Nard." Finally, in his prayer for relief, Nard "respectfully requests that this conviction be reversed and judgment be rendered in his favor, that the conviction be reversed and a new trial granted, or for such other and further relief to which Appellant may be entitled."

Thus, it is unclear whether Nard is arguing (1) that the evidence was inadmissible because it did not directly connect him to the prior convictions and the trial court erred in admitting the evidence and, therefore, the judgment of conviction should be reversed and the case should be remanded for a new trial; (2) that the State's exhibits were inadmissible and when that evidence is excluded from the record, the remaining evidence is insufficient to prove that the enhancement paragraphs were true and, therefore, the judgment of conviction should be reversed and a judgment of acquittal rendered; or (3) that the totality of the evidence including the exhibits is insufficient to prove that the enhancement paragraphs were true because it does not connect him to the prior judgments and, therefore, the judgment should be reversed and a judgment of acquittal should be rendered. Based on the totality of his arguments, we assume that Nard is ultimately questioning the sufficiency of the totality of the evidence, including the State's exhibits, to prove the enhancement paragraphs.

Nevertheless, to the extent that Nard is arguing the first or second options, which are based on the argument that the exhibits themselves were inadmissible, we would note that proffered evidence "need not by itself prove or disprove a particular fact," but "is sufficient if the evidence provides a small nudge toward proving or disproving some fact of

## A. Standard of Review

The Court of Criminal Appeals has held that in order to utilize a prior conviction for enhancement of the defendant's range of punishment, the State must prove beyond a reasonable doubt (1) that a prior conviction exists and (2) that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). While it acknowledged that "evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means" of meeting its burden of proof, the Court of Criminal Appeals held that

> the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.

*Id.* at 921–22 (citations omitted). The Court of Criminal Appeals then concluded,

> Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle. The trier of fact looks at the totality of the evidence admitted to de-

termine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted. If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction.

*Id.* at 923.

## B. Application

In addition to the judgments in State's Exhibits 14 through 18, the State also introduced Exhibit 13, which is a collection of records from the Cass County jail spanning most of the decade of the 1980s.[4] This exhibit contains approximately 150 pages of jail or inmate records, commissary and prisoner account balances, offense reports, indictments, and criminal history summaries from the United States Department of Justice (DOJ) and the Texas Department of Public Safety (DPS) relating to an inmate named Thomas Nard, also known as Bubba Nard. Exhibit 13 also contains three sets of fingerprints.

The State also called Cody Sartor, an investigator for the Cass County District Attorney's Office, who testified that he compared the fingerprints on Exhibit 13 to a fingerprint card taken from Nard when he was booked into the county jail for the present charges. Based on his analysis, Sartor testified that in his opinion, Nard's book-in fingerprints matched those contained in Exhibit 13. As will be shown

---

consequence." *Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd) (citing *Simpson v. State*, 181 S.W.3d 743, 749 (Tex. App.—Tyler 2005, pet. ref'd)). Moreover, "circumstantial evidence is admissible if it tends to prove an issue or constitutes a link in the chain of proof even though, standing alone, it might not justify a verdict." *Darby v. State*, 922 S.W.2d 614, 620 (Tex. App.—Fort Worth 1996, pet. ref'd) (citing *Knapp v. State*, 504 S.W.2d 421, 437 (Tex. Crim. App. 1973)

(op. on reh'g)). For the reasons discussed below, we find that the totality of the evidence is sufficient to connect the prior convictions in the State's exhibits to Nard. Therefore, the trial court did not err in admitting the exhibits even if they failed to prove the State's enhancement paragraphs by themselves.

4. Nard did not object to the admission of Exhibit 13.

below, the information contained in Exhibit 13, which was sufficiently connected to Nard by Investigator Sartor, sufficiently links Nard to the judgments of conviction in Exhibits 14 through 18.

### 1. First Enhancement Paragraph—Assault on a Public Servant

State's Exhibit 15 is a judgment of conviction in cause number 17,611 stating that Thomas Nard was convicted in the Fifth Judicial District Court on November 17, 1983, for the offense of assault on a peace officer. Exhibit 15 states that Thomas Nard received a ten-year sentence of incarceration and that the sentence was suspended and probated for a period of ten years. State's Exhibit 16 is a judgment revoking probation in cause number 17,611 establishing that the term of probation reflected in Exhibit 15 was revoked on May 27, 1986. Exhibits 15 and 16 also state that the date of the offense in those judgments was July 30, 1983. While there are no thumbprints, fingerprints, date of birth, social security number, or other identifying information on the judgments in Exhibits 15 and 16, other evidence establishes that they were sufficiently connected to Nard to establish beyond a reasonable doubt that the first enhancement paragraph was true.

To begin with, Exhibit 16 states that the probation of Nard's ten-year sentence for assault on a peace officer referenced in Exhibit 15 was revoked and the ten-year sentence was imposed on May 27, 1986. The first enhancement paragraph alleges Nard was finally convicted of the offense of assault on a peace officer on May 27, 1986. Thus, the date in the judgment contained in Exhibit 15 matches the date of conviction alleged in the first enhancement paragraph.

In addition, State's Exhibit 13 contains a DOJ document noting that Thomas Nard

had a charge of "ASSLT ON PO-1" AND "FORG BY PASS—1." Below that notation is the phrase "CNTS TO WHICH DISPOS AND SENTENCE APPLY NOT KNOWN." In the disposition section of that record, it states "CONFINEMENT—10Y."

Likewise, Exhibit 13 contains a DPS criminal history record dated February 23, 1989, for Thomas Earl Nard, with "ADDITIONAL IDENTIFIERS" listed as Thomas E. Nard, Bubba Nard, and Thomas Nard. The left-hand column in that record, entitled "ARRESTED OR RECEIVED," lists the date July 30, 1985, which is the date of the offense listed in Exhibits 15 and 16. The column next to that, entitled "IDENTIFIER, AGENCY, & AGENCY NUMBER," contains the notation "LINDEN SO." The third column, entitled "CITATION, CHARGE, & DATE OF OFFENSE," lists the charges "ASSAULT ON POLICE OFFICER" and "FORGERY BY PASSING." The final column, entitled "DISPOSITION," states that Nard was "CONVICTED CONFINEMENT—10 YEARS" for both charges. And, for the forgery by passing charge, the disposition includes the statement "CONCURRENT SENTENCE."

Therefore, Exhibit 13 lists the same offense of assault of a peace officer, the same date of conviction, and the same sentence imposed, for a defendant with the same name as Nard as is listed in Exhibits 15 and 16. Yet, Exhibit 13 contains other corroborating information. Specifically, Exhibit 13 states that on that same day, Nard was convicted and sentenced for assault on a peace officer, he was also convicted of the offense of forgery by passing for which he also received a ten-year probated sentence. Even though the State did not allege Nard was previously convicted of forgery by passing to enhance Nard's offense at trial, the State introduced Ex-

hibits 17 and 18 to corroborate that Nard was also convicted of forgery by passing when he was convicted of assault of a peace officer as stated in Exhibit 13.

State's Exhibit 17 is a judgment of conviction in cause number 17,172 stating that Thomas Nard was convicted of the offense of forgery by passing in the Fifth Judicial District Court of Cass County on November 17, 1983. Exhibit 17 states that Thomas Nard received a ten-year sentence of incarceration and that the sentence was suspended and probated for a period of ten years. State's Exhibit 18 is a judgment revoking probation in cause number 17,172 establishing that the term of probation reflected in Exhibit 17 was revoked on May 27, 1986. Likewise, State's Exhibit 18 establishes that Nard's sentence for forgery by passing referenced in Exhibit 17 was also revoked and that the ten-year sentence for that offense was imposed on that same day, May 27, 1986.

May 27, 1986, is a significant date because Exhibit 16 states that Nard's conviction for assault on a peace officer as reflected in Exhibit 15 was revoked on that same date. Accordingly, Exhibits 17 and 18 establish that Nard's conviction for assault of a peace officer documented by Exhibits 15 and 16 was rendered concurrently with the conviction for forgery by passing documented in Exhibits 17 and 18. The records in Exhibit 13, which were specifically connected to Nard by fingerprints, show that he was arrested and convicted on the same two charges and received the same sentences on the same dates as documented by Exhibits 15 through 18.

Consequently, (1) the information contained in Exhibit 13 corroborates the information contained in Exhibits 15 and 16, (2) the information in Exhibits 17 and 18 corroborates the information in Exhibit 13, and (3) Exhibit 13 was connected to Nard via fingerprints and expert testimony.

Therefore, in the aggregate, there is sufficient evidence in the record to establish beyond a reasonable doubt that Nard was convicted of the offense of assault on a peace officer as alleged in the first enhancement paragraph.

### 2. Second Enhancement Paragraph— Sexual Assault of a Child

█ State's Exhibit 14 establishes that Thomas Earl Nard was convicted of sexual assault of a child in cause number 89-F-085 in the Fifth Judicial District Court of Cass County. As is the case with Exhibits 15 and 16, there are no thumbprints, fingerprints, date of birth, social security number, or other identifying information on the judgment itself. Yet, as is also the case with Exhibits 15 and 16, there is sufficient evidence in Exhibit 13 to connect Exhibit 14 to Nard.

To begin with, Exhibit 13 contains a Cass County Jail record showing that Nard was committed to jail on May 1, 1989, which is the date Exhibit 14 identifies as the date the sentence for that conviction was imposed. The same record demonstrates that Nard received twenty-nine days for time already served prior to conviction, which is the same amount of time credited to Nard on the judgment in Exhibit 14. As noted previously, Sartor establish through a fingerprint analysis report that Exhibit 13 consisted of Nard's jail records. Therefore, the consistency of the information in Exhibits 13 and 14 demonstrates that Exhibit 14 reflects a conviction for Nard and not some other defendant.

Moreover, the State also called Texarkana police officer Nicholas Tyson to testify during the punishment phase of trial. Tyson testified that in the summer of 2014, he was contacted by a detective who identified Nard's vehicle and asked him to arrest Nard on an aggravated assault war-

rant out of Cass County. In response to the detective's request, Tyson stopped Nard and arrested him on the outstanding warrant. During the stop, Tyson searched Nard's vehicle and found a pistol. Tyson testified that he also performed a criminal history check and determined that Nard had been convicted of aggravated sexual assault in 1989. As a result of that previous conviction, Tyson arrested Nard on an additional charge of being a felon in possession of a firearm. Although Tyson's testimony was offered to establish an extraneous offense for purposes of punishment, his testimony also established that Nard had previously been convicted of aggravated sexual assault in 1989, which is the same year and same conviction alleged in the second enhancement paragraph.

Finally, Nard's mother testified that he had been sent to prison for "some serious charges back in the 1980s." She also testified that she believed he had received a twenty-year sentence and that he had served, "[f]ifteen or twenty" years on that sentence. State's Exhibit 14 states that Nard received a twenty-year sentence for sexual assault of a child in the 1980s.

Given the totality of the evidence presented, there is sufficient evidence upon which a jury could find that the second enhancement paragraph was true beyond a reasonable doubt. Consequently, we overrule Nard's third point of error.

## IV. Conclusion

For all of the foregoing reasons, we affirm the trial court's judgment and sentence.