**AFFIRM; and Opinion Filed August 3, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00946-CR

### MICHAEL AARON TAYLOR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F16-00540-R

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

Michael Aaron Taylor appeals his conviction for felony family violence assault, enhanced. *See* TEX. PEN. CODE ANN. 22.01(b)(2)(A). After finding appellant guilty, the jury assessed punishment at six years' confinement. In a single issue, appellant contends the evidence is legally insufficient to link him to a prior conviction that was admitted during the punishment phase. For the following reasons, we affirm.

On December 30, 2015, after a night of drinking, appellant and his then girlfriend, A.K., drove to a convenience store to purchase cigarettes. A.K. testified they began to argue and, when they reached the store, appellant became violent. Appellant dragged A.K. from the car, held her down, and began hitting her face repeatedly. A.K. eventually broke free and ran into the store. Police responded to the scene and found A.K. with a smashed lip and bruised face. She was transported to the hospital. The State presented evidence that, earlier in 2015, appellant was

convicted of family violence assault. The jury found appellant guilty of family violence assault, enhanced.

At punishment, A.K. testified that, over the course of her relationship with appellant, he physically assaulted her on multiple occasions. Two other women testified they had dated appellant and, during their respective relationships, appellant physically assaulted them on multiple occasions. The State also presented evidence of appellant's prior criminal record, including evidence that appellant was previously convicted of family violence assault in 2006, in 2008, and two times in 2015.

In his sole issue, appellant asserts the "evidence is insufficient to link him" to the 2006 family violence assault conviction and, as a result, he is entitled to a new punishment hearing. He relies on *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) to support his contention. In *Flowers*, the issue was whether the State met its burden to establish a prior conviction that was used to enhance the punishment range for the offense. *See id.* The Court of Criminal Appeals held, to establish a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Id.*

Here, the State did not use the 2006 judgment to prove a prior conviction for enhancement purposes. Rather, the 2006 judgment was admitted as evidence relevant to sentencing. Even if the trial court erred in admitting the judgment, we could not reverse unless it had a substantial and injurious impact in determining the jury's punishment verdict. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 44.2(b).

At punishment, the State presented evidence that appellant committed numerous unadjudicated extraneous family violence assaults against multiple women. The State also presented evidence appellant had three prior felony family violence assault convictions. In light

2

of the record as a whole, we determine admission of the 2006 judgment did not have a substantial or injurious impact on the jury's punishment verdict.  We affirm the trial court's judgment.


                                        /Ada Brown/
                                        ADA BROWN
                                        JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)

160946F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

MICHAEL AARON TAYLOR, Appellant

No. 05-16-00946-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-00540-R.
Opinion delivered by Justice Brown. Justices
Francis and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of August, 2017.