**Affirmed as modified; Opinion Filed January 14, 2020.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01478-CR

**BRENDA KAY COOK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82135-2017**

## MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Bridges

A jury convicted appellant Brenda Kay Cook of delivery of between four and two hundred grams of methamphetamine. The jury also found she was a habitual offender and assessed punishment at forty-five years' imprisonment. In a single issue, appellant argues the evidence was insufficient to support a punishment enhancement because the jury relied on a void conviction. As modified, we affirm the trial court's judgment.

The underlying facts surrounding appellant's conviction are unnecessary for disposition of this appeal; therefore, we include only those relevant from the punishment phase of trial. *See* TEX. R. APP. P. 47.1.

**Background**

The State charged appellant with delivery and transfer of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams. Prior to trial, the State filed its notice of intent to use prior convictions for enhancement. The State alleged the three following prior felony convictions: Count A: obtained controlled substance by fraud on December 29, 1999; Count B: possession with intent to deliver one to four grams of methamphetamine on April 8, 2002; and Count C: "forgery with two prior felony convictions" on June 1, 2005. Based on these convictions, the State further alleged appellant was a habitual offender with two prior sequential felony convictions: Count D (A+B); Count E (A+C); and Count F: (B+C).

After the jury found appellant guilty, she pleaded "Not True" to the enhancement allegations. The jury then considered punishment.

During the sentencing hearing, Corporal John Lane testified that appellant was a known methamphetamine drug dealer in the community. The jury also heard about her previous years spent in prison for prior offenses.

Ryan Harvey, a Collin County criminal investigator, testified for the State and provided evidence supporting her prior convictions. He explained how he obtained appellant's fingerprints a few days before trial. He then identified appellant in open court as the person he fingerprinted. He testified appellant signed her name to the card, and he confirmed her date of birth and wrote it on the fingerprint card.

The State introduced exhibit 30—the final judgment in which appellant was finally convicted of obtaining a controlled substance by fraud (enhancement Count A). Harvey compared the fingerprint from the judgment to the card with her fingerprints he obtained a few days prior to trial. Based on his professional opinion, they matched.

The State introduced exhibit 32— the final judgment in which appellant was convicted of possession with intent to deliver a controlled substance: namely methamphetamine, in an amount of at least one (1) gram, but less than four (4) grams (enhancement Count B). Harvey admitted the fingerprint on the document was not usable for identification because the copier had "blacked out" the majority of it. However, he used identifying information from the Department of Public Safety criminal history to link appellant to the conviction. Specifically, Harvey testified the driver's license numbers matched, and no two people in Texas have the same number. Appellant's name matched an alias she used, and the dates of birth matched. Finally, her physical description (white female, 5'6) matched.

Appellant did not object or challenge her connection to these convictions. In fact, during a hearing outside the presence of the jury, defense counsel argued that although she was challenging the admissibility of enhancement C (exhibit 31) because "forgery with two prior felony convictions" was not an offense, that "does not make all the enhancements go away because the Defendant has two others that we are not objecting to." The trial court admitted exhibit 31 despite appellant's objection.

At the end of the sentencing hearing, the trial court instructed the jury that, "if you find beyond a reasonable doubt that the allegations in Counts D, E, or F are 'True,' you will assess punishment of the Defendant at confinement in the Institutional Division of the Texas Department of Criminal Justice for not less than twenty (25) years nor more than ninety-nine (99) years, or life in prison." The jury "found the allegations in Counts D, E, or F of the State's notice of enhancement to be True," and sentenced appellant to forty-five years' confinement.

**Discussion**

In a single issue, appellant argues the evidence was insufficient to support enhancement because the jury considered enhancement count F, which is void. She specifically argues the

offense of "forgery with two prior felony convictions" does not exist; therefore, her sentence is illegal. The State responds the alleged irregularities do not void the prior conviction. Alternatively, the State asserts the evidence was sufficient to support other enhancement paragraphs, which appellant has not challenged on appeal.

The law concerning sufficiency of the evidence to prove enhancement for habitual felony offenders is well known. *See, e.g., Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (op. on reh'g). The State had the burden of proving beyond a reasonable doubt that appellant committed the two previous felonies, the second of which is for an offense that occurred subsequent to the first previous conviction having become final. *See Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008); *Leggett v. State*, No. 05-16-00923-CR, 2017 WL 1149672, at *2 (Tex. App.—Dallas Mar. 28, 2017, no pet.) (mem. op., not designated for publication); *see also* TEX. PENAL CODE ANN. § 12.42(d).

Texas substantive law does not require a prior conviction be proven in any specific manner. Any type of evidence, documentary or testimonial, might suffice. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). Similarly, chapter 12 of the penal code regarding enhanced penalties for repeat or habitual offenders does not require a prior conviction be established in any particular manner or with any specific document. *Id*.

The *Flowers* court stated:

> [t]he trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle. The trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted. If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction.

*Id*. at 923.

Appellant has not challenged the sufficiency of the evidence supporting enhancement counts A and B, which the State combined in enhancement count D, to establish appellant's habitual offender status.  Regardless, the evidence introduced by the State, which included prior convictions established through final judgments, finger print comparison, and other identifiers explained by Harvey, was legally sufficient to support the jury's finding that appellant is a habitual offender.

To the extent appellant contends the State should not be allowed to rely on other enhancement paragraphs because "the jury charge and verdict form failed to require the jury to indicate which count they believed to be true" thereby making "it impossible to know whether or not they relied on the void prior sentence," we reject her argument.  Appellant provides no authority to support her argument.  Further, appellant did not object to the jury charge in which it instructed the jury to find habitual offender status if *any* of the three enhancement counts were true.  As such, her issue is not preserved for review.  *See* TEX. R. APP. P. 33.1(a); *see also, e.g., Medellin v. State*, No. 13-13-00190-CR, 2015 WL 1544720, at *7–8 (Tex. App.—Corpus Christi-Edinburgh Apr. 2, 2015, pet. ref'd) (mem. op., not designated for publication) (whether punishment range could be enhanced to habitual offender status was not preserved for review when defendant failed to object).  Regardless, when the trial court's charge authorizes the jury to convict on several theories, as it did here by allowing the jury to find habitual offender status with a finding of true as to any one of three enhancements, the verdict will be upheld if the evidence is sufficient on any one of the theories.  *See, e.g., Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).  The unchallenged evidence was legally sufficient to support enhancement D.  Accordingly, we overrule appellant's sole issue.

While reviewing the judgment, we observed one error.  The judgment states punishment was assessed by the trial court instead of the jury.  The parties do not address this on appeal, but

we may sua sponte reform the judgment when we have the necessary information to do so. *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991 pet. ref'd). The record indicates the jury assessed punishment. Accordingly, we reform the judgment by deleting the language stating the trial court assessed punishment to make it state that the jury assessed punishment. *See Hernandez v. State*, No. 09-16-00388-CR, 2018 WL 4904589, at *18 (Tex. App.—Beaumont Oct. 10, 2018, pet. ref'd) (mem. op., not designated for publication) (reforming judgment to correct punishment assessed by jury rather than trial court).

## Conclusion

As modified, the judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181478F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRENDA KAY COOK, Appellant

No. 05-18-01478-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82135-2017.
Opinion delivered by Justice Bridges.
Justices Whitehill and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Punishment Assessed by," we **DELETE** "COURT" and **REPLACE** with "JURY."

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of January, 2020.